GEORGE H. AND WILBUR W. RING *v.* WINDSOR COUNTY MUTUAL FIRE INSURANCE COMPANY.

*Contract. Insurance. Representations of Assured. Principal and Agent. Estoppel.*

In assumpsit on a policy of insurance against fire, it appeared that one of the questions in the application, which was in writing and signed by the plaintiffs, was, " Is the property incumbered?" and that the written answer thereto was, "Yes, to Chas. Nash, for 1000 — including apps dwelling and 4 acres land." The application provided that if any matter material to the risk was not therein fully stated, or was misrepresented, the policy issued thereon should be void. The policy stated that the property insured was mortgaged to Nash for $1,000, and referred to the application as part of the policy. The printed part of the policy contained a copy of a section of the act of incorporation of defendant company, which provided that if the property was incumbered, the policy should be void unless the incumbrance was expressed therein and in the application therefor. Plaintiffs having proved title to the property and introduced the application and policy in evidence, offered to show that when application was made for the policy in question, which was for insurance on a saw-mill, an application was also made for insurance on a house; that the mill

and the house were then covered by a mortgage to Nash for $2,000; that plaintiffs stated to the agent of defendant who solicited, took, and forwarded said applications to defendant, the fact that the incumbrance was of a single mortgage covering both mill and house; that the agent thereupon, of his own motion, apportioned the mortgage in the two applications equally between the two buildings — describing the mill in one as mortgaged for $1,000, and the house in the other as mortgaged for a like sum; and that the policies issued thereon were in that respect in accordance with the applications. The court excluded the evidence and directed a verdict for defendant. *Held*, that on such evidence there was no such mistake in the written contract as called for its reformation in equity, and that the evidence was admissible, not to vary the written contract, but to estop defendant from proving the falsity of plaintiffs' representations therein as a defence to the action.

Assumpsit on a policy of insurance, insuring a saw-mill and machinery therein in Hinesburgh against fire. Plea, general issue, and notice of special matter. Trial by jury, May Term, 1878, Barrett, J., presiding.

The plaintiffs proved title to the property insured, and introduced the policy in evidence ; and the application, which was in writing, signed by the plaintiffs, went into the case as part of the policy. Among the questions put to the applicants in the printed part of the application was the question, " Is the property incumbered ?" The written answer thereto was, " Yes, to Chas. Nash, for 1,000 — including apps dwelling and 4 acres land." The application contained the following provision :

And the said applicant hereby covenants and agrees to and with said company, that the foregoing is a just, full, and true exposition of all facts and circumstances in regard to the condition, situation, and value of the property to be insured, so far as the same are material to the risk; and in case any matter material to the risk is not fully stated, or is misrepresented, the policy issued hereon shall be void.

The policy stated that the property was mortgaged to Charles Nash for $1,000, and referred to the application as a part of the policy. And section 10 of the act of incorporation of the defendant company, extracts of which were printed in said policy, was as follows :

. . . Any policy of insurance issued by said company . . . shall be deemed valid and binding on said company in all cases where the assured has a title in fee simple, unincumbered, to the building or buildings insured, and to the land covered by the same; but if the assured have a less estate therein, or if the premises be incumbered, the policy shall be void unless the true title of the assured and the incumbrances of the premises be expressed therein and in the application therefor.

After proof of title and introduction of policy and application as aforesaid, the plaintiffs' counsel made an opening statement of matters to be proved, on which the plaintiffs' right to recover was claimed to rest. The counsel for defendant then raised a question as to whether the plaintiffs were entitled to prove by parol certain matters therein referred to, claiming that so to prove them would be to vary the written application. Questions were then put by the court to counsel for the plaintiffs relative to their position, and a further and more explicit statement was made by counsel, from which it appeared that they offered to prove that at the time the application was made for the policy in question, an application was also made for insurance on a dwelling-house, shed, and barn, and certain personal property therein ; that said mill and dwelling-house were then covered by a valid, outstanding mortgage to Charles Nash for $2,000 ; that the plaintiff stated to Hall, the agent of the defendant, who solicited, took, and forwarded said applications to the defendant, the fact that the mortgage was a single mortgage covering both mill and house ; that Hall thereupon of his own motion, apportioned the mortgage in the two applications equally between the two buildings, describing the mill in the application for the policy in question as incumbered by mortgage for $1,000, as already stated, and the dwelling-house in the other application as incumbered by mortgage for a like sum ; and that the policies issued on those applications were in that respect in accordance with the applications, each policy describing the property thereby insured as incumbered for $1,000.

The court thereupon declined to permit the plaintiffs to make proof by parol of those facts, but said that in " making up the case " they would state what the plaintiffs' offer was. To that ruling the plaintiffs excepted. The court thereupon directed a verdict for the defendant ; to which the plaintiffs also excepted.

*Norman Paul*, for the plaintiffs.

The plaintiffs are entitled to recover unless they were guilty of fraud in obtaining the insurance. Whether they. did perpetrate a fraud is a question for the jury. The plaintiffs had made a *prima-facie* case, and were entitled to a verdict in the absence

of proof on the part of the defendant. The ruling of the court in directing a verdict for the defendant in the absence of evidence, after the statement made, was novel in the practice of this State, and unwarranted by law. The parties had a right to submit evidence and have their respective claims passed on by the jury. If there is any evidence tending to support the issues raised, it is error for the court to direct a verdict. *Andrews* v. *Moretown,* 45 Vt. 1; *National Union Bank of Swanton* v. *Marsh,* 46 Vt. 443; *Wemet* v. *Missisquoi Lime Co.* 46 Vt. 458; *Lewis* v. *Pratt,* 48 Vt. 358..

Contracts of insurance are to be construed most strictly against the insurers. Knowledge of affairs affecting the risk, whether stated in the written application or not, is binding on the insurer. The company is responsible for the acts and neglect of its agent, and is estopped from denying any fact made known to the agent before the insurance was effected. Gen. Sts. c. 87, s. 1; May Insurance, ss. 140–144, 498, 500; Wood Fire Insurance, ss. 400, 497; *Union Mutual Ins. Co.* v. *Wilkins,* 13 Wal. 222; *Wooodbury Savings Bank* v. *Charter Oak Ins. Co.* 31 Conn. 517; *Webster* v. *Phœnix Ins. Co.* 36 Wis. 67; *Harwitz* v. *Equitable Ins. Co.* 40 Mo. 557; *Ayers* v. *Hartford Ins. Co.* 17 Iowa, 176.

Parol evidence is admissible to show a contract of insurance, when facts affecting the risk were disclosed to the insurer at the time of making the contract, but not fully set forth in the application and policy. Wood Fire Insurance, s. 498; *Lowry* v. *Adams,* 22 Vt. 160; *Wood* v. *Rutland & Addison Mut. Fire Ins. Co.* 31 Vt. 552; *Patten* v. *Merchants & Farmers Mut. Fire Ins. Co.* 40 N. H. 375; *Clark* v. *Union Mut. Fire Ins. Co.* 40 N. H. 333; *Rowley* v. *Empire Ins. Co.* 36 N. Y. 550; *Witherell* v. *Maine Ins. Co.* 49 Me. 200; *Coston* v. *Monmouth Ins. Co.* 54 Me. 170; *Peck* v. *New London Fire Ins. Co.* 22 Conn. 575; *McBride* v. *Republic Fire Ins. Co.* 30 Wis. 562; *Columbia Ins. Co.* v. *Cooper,* 50 Penn. 331, and many other cases.

The statement made by the plaintiffs' attorney must be taken for the purposes of this hearing, as true. That statement shows that the agent had full knowledge of the amount of incumbrance on the property. If the defendant issued the policy with such

knowledge, it waived all the requirements in the policy not fully complied with by the plaintiffs, and is estopped from setting them up in defence. Wood Fire Insurance, s. 496 ; May Insurance, ss. 497, 498, 500 ; *Allen* v. *Vermont Mut. Fire Ins. Co.* 12 Vt. 366 ; *Finley* v. *Lycoming Ins. Co.* 31 Penn. 311 ; *Plumb* v. *Cataraugus Co. Mut. Fire Ins. Co.* 18 N. Y. 392 ; *Rowley* v. *Empire Ins. Co.* 36 N. Y. 550.

*W. C. French* and *W. E. Johnson,* for the defendant.

The application and policy constituted a written contract, and parol evidence should not have been received to vary it. The evidence sought to be introduced would have varied it. Section 10 of the act of incorporation expressly provides that any policy shall be void unless the incumbrance be expressed therein and in the application therefor. Thus, the amount of incumbrance was material. If there was a mistake in application and policy, as the plaintiffs wish to prove, a court of law cannot correct it. That can be done only by a proceeding in chancery for that purpose ; and until so corrected, it is binding, and cannot be altered or explained by parol. Wood Insurance, 10, 11, 190, 237, 272, 273, note 3 ; *Holmes* v. *Charleston Mut. Fire Ins. Co.* 10 Met. 211 ; *Graves* v. *Boston Mut. Fire Ins. Co.* 2 Cranch, 419 ; *Phœnix Fire Ins. Co.* v. *Garner,* 1 Paige, 278, and cases *passim.*

The opinion of the court was delivered by

Powers, J. The exceptions show that on the trial in the County Court the plaintiffs made proofs entitling them, *prima facie,* to recover. The plaintiffs' counsel thereupon made an opening statement to the jury, setting forth certain facts relating to an erroneous representation in the application, which he would offer in evidence, and the defendant insisted that these facts could not be shown, inasmuch as the proposed evidence tended to vary the language of the application.

A colloquy arose between court and counsel in relation to the proposed evidence, but the question raised was treated on all sides as properly before the court, and the proposed evidence was held inadmissible.

The proposed evidence tended to show that the plaintiffs, by the solicitation of the defendant's agent, Hall, effected an insurance with the defendant upon their saw-mill and machinery in Hinesburgh. At the same time and through the same agency, they took out a policy upon their dwelling-house, and certain personal property therein.

Hall was the defendant's agent to solicit, take, and forward to the company applications for insurance. At the time these applications for insurance were made, there was a valid outstanding mortgage in favor of one Nash, resting upon the dwelling-house and upon the saw-mill, amounting to $2,000. Among the questions in the written application, which applicants are called on to answer, is this : " Is the property incumbered ?" In order to answer this question, the plaintiffs stated to Hall, truthfully, the existence and amount of the Nash mortgage, and that it rested upon both buildings proposed to be insured. Hall, in behalf of the company, asking this question, received this answer. Hall thereupon at his own suggestion apportioned this mortgage, inserting one half in the application as resting upon the mill, and the other half in the other application as resting upon the house, and the policies when issued embodied the same erroneous statement as to the incumbrance.

Representations made by applicants for insurance respecting their title or incumbrances upon it, are material to the risk, and if falsely made, vitiate the contract. The defendant insists that if the facts be as the evidence proposed tended to show, the only remedy available to the plaintiffs to avoid the consequences of the misrepresentation embodied in the application, is a bill in equity to reform the contract, and that in a suit at law upon the contract the proposed evidence is obnoxious to the rule which forbids the contradiction or alteration of a written instrument by parol evidence.

Equity in proper cases will reform written instruments that falsely speak the intention and agreement of parties. If the parties have made one agreement and the written evidence of it embodies another, the writing may be reformed, and made to express the true agreement. But here the application and policy express

precisely the intention of both parties in respect to the amount of the Nash mortgage. Both intended that the answer to the question should be that the property was encumbered by a mortgage to Nash for $1,000, and hence the writing is precisely correct. The mistake is not in what the writing expresses, but in the legal effect of it as made. There is then no ground on which to invoke the aid of equity.

We do not think the proposed evidence inadmissible in a suit at law on the policy. The plaintiffs make their case, so far as the policy is concerned, by proving its execution. If misrepresentations were made in the application, they are to be shown by the defendant by way of defence to the action. The representation that the Nash mortgage resting upon the premises was $1,000 in amount, was well enough for the plaintiffs' case until the defendant showed its falsity. The defendant proposed to prove the falsity of this representation, and the proposed evidence was offered for the purpose of showing such a state of facts as would estop the defendant from contradicting the false representation. The plaintiffs' evidence was not offered to contradict their written answer to the question. The defendant's evidence contradicted this answer. The plaintiffs did not propose to explain their answer by parol evidence, but proposed to show that however false the answer, yet the company, through its agent, was fully informed as to the facts, and of its own motion incorporated a false statement of the facts in the application.

Hall was the agent of the defendant, authorized to propound the question and receive this answer, and information given him is as binding upon the defendant as it would be had the applicant gone to the office of the company, and given the officers the same information, and they had incorporated the same false statements in his application. Gen. Sts. c. 87, s. 1; May on Insurance, s. 140; *Insurance Co.* v. *Wilkinson,* 13 Wall. 222. If the fact be as the proposed evidence tended to show, the defendant could not set up the misrepresentation as to the amount of the Nash mortgage as a defence to this action.

*Judgment reversed, and new trial granted.*