## JAMES MULLIN v. VT. MUTUAL FIRE INSURANCE CO.

*Exceptions not Conclusive as Evidence on a Retrial. Insurance. Admissions by Counsel. Estoppel. Practice.*

1. When a cause has been remanded from the Supreme Court for a new trial the bill of exceptions is not conclusive as a statement of facts on a retrial; nor is a party estopped by oral admissions made by his counsel during the former trial, the admissions having been embodied into the exceptions; but he may show what limitations were made to the concessions, what transpired, out of which the exceptions arose; thus, in an action upon a policy of insurance, which covered the plaintiff's furniture, the exceptions showed that the plaintiff conceded certain facts on the former trial from which it was evident that he had given false answers in the application, as to the occupancy of the lower story of the building in which his furniture was kept, and as to the ownership of a store of goods in the same building, and on a retrial the plaintiff offered to prove that the answers, though false, were made without his knowledge by the defendant's own agent, "written in afterwards," *** the "agent using his own terms," and that the admissions were oral, made by his attorneys on the former trial, and for that trial only. The court, treating the exceptions as a part of the record, ordered a verdict for the defendant. *Held*, error; and that the plaintiff's evidence should have been submitted to the jury.
2. The presiding judge's minutes of the former trial do not form a part of the record, which the County Court *sua sponte* can act upon; and would not be admissible for any purpose without proof of identification.

ASSUMPSIT upon an insurance policy. Trial by jury, March Term, 1883, VEAZEY, J., presiding. Verdict ordered for the defendant. This case was tried in the Supreme Court, and is reported in the 54 Vt. 223. It appears in the report of the case that the judgment of the court below was reversed, upon the ground that by admissions on the trial, as shown in the bill of exceptions, the application for the insurance contained false answers and statements as to who was the owner and occupant of the lower story of the building in which the plaintiff's furniture was kept.

Mullin *v.* Insurance Co.

The plaintiff's counsel made a statement in writing to the court, explaining how they should meet the point on which the case was reversed, as follows: ·

1st. That the admissions, made on the part of the plaintiff by his attorneys. as to the title and possession of the goods in the store below, in the other trial in this case, were admissions for that trial only, are not a part of the record below, and he is not bound by such admissions; they were not made a part of the record; they were merely verbal admissions for that trial only.

2d. That he will be able to show, and offers to show, that Carrigan purchased the goods in the store at sheriff's sale so as to protect him against Mullin's creditors, and afterwards, and upon an understanding at the time and before the sale, sold the goods back to Mullin Bros. conditionally, so that they were the legal or equitable owners within the meaning of the application as intended by the parties, so that such answers as were made in the application were true according to the understanding and intention of the parties.

3d. That J. D. Butler was the agent of the company, had examined the premises and the title to the goods in the store below, and knew the exact title and possession of the goods, and used the words owner and occupier, with his own hand, knowing all the facts; and the company are estopped from denying that it was as intended by the parties.

4th. That these answers were written in afterwards, and without the knowledge of the plaintiff, the defendant's agent using his own terms.

Thereupon the defendant moved the court to direct a verdict. The bill of exceptions, and all the papers referred to therein, were put into the case by the defendant, and were claimed to be a part of the record, and were so treated by the court. The other facts are stated in the opinion of the court.

*Redington & Butler*, for the plaintiff.

At the first trial in the County Court, the plaintiff, through his counsel, improvidently and to save time, conceded a fact; the point conceded was even then in litigation and soon to be decided in the Supreme Court. The point conceded was as to occupancy and ownership; the plaintiff conceded Carrigan owned and occupied, while in his application he stated Mullin Brothers owned and occupied, etc. See *Carrigan* v. *Ins. Co.*, 53 Vt. 418. The plaintiff is not estopped by the admission. Her. Est. 337, 340; 1 Green Ev. s. 204, n. 2; 9 B. & C. 577, 586; 33 Conn. 585; 11 Conn. 352; 23 Conn. 55. A concession at one trial not attached to the record does not bind at any future trial. *Reed* v. *Allen*, 1 Tyler, 4; *Phelps* v. *Hall*, 2 Tyler, 401. Pleadings even are not admissible as evidence. 1 Green Ev. s. 529; *Holt* v. *Miers*, 9 C. & P. 191. But an admission is not an

estoppel, but only a matter of evidence. *Sutton* v. *Tyrell*, 12 Vt. 79; 2 Sm. L. C. 384, 389; *Elliott* v. *Eslava*, 3 Ala. 568. The plaintiff should have an opportunity to explain his admissson. *Nye* v. *Chase*, 50 Vt. 306; 39 Vt. 459; 31 Vt. 577.

*James C. Barrett* and *Prout & Walker*, for the defendant.

It is to be noted in respect to the case made below, that it contains not only the fact of the admission, but the facts admitted. The plaintiff by his statement and offer as to how he "should meet the point on which the case was reversed," does not seek to deny the facts admitted, but only to show other facts *in avoidance*. The record in the cause contains a fact which the Supreme Court has decided is fatal to the plaintiff's recovery. The defendant therefore was entitled, on motion, to the direction of a verdict upon the record. See *Mullin* v. *Ins. Co.*, 54 Vt. 223.

The admissions were *judicial* admissions, and are conclusive. They are such as are defined by Greenleaf as *solemn admissions*, or admissions *in judicio*, which have been solemnly made in the course of judicial proceeding. 1 Green. Ev. ss. 27, 205. The admissions are conclusive. The plaintiff having seen fit to risk his cause upon the facts' admitted, he can not, after discovering his error, and in order to retrieve it, claim another opportunity, in which to do better, profiting by his experience. *Chamberlain* v. *Preble*, 11 Allen 375; *Vandervoort* v. *Smith*, 2 Caines 155. Admissions made at the trial not limited to that trial are admissions in the cause. *Elton* v. *Larkin*, 5 C. & P. 385; *Wetherell* v. *Bird*, 7 C. & P. 6; *Alton* v. *Gilmanton*, 2 N. H. 520; *Burlington* v. *Calais*, 1 Vt. 391; *Underwood* v. *Hart*, 23 Vt. 127; *Starke & Moore* v. *Kenan*, 11 Ala. 818; *Bank* v. *Sprigg*, 11 Md. 396; *Hull* v. *Johnson*, 90 Ill. 604; *Rogers* v. *Greenwood*, 14 Me. 338; *Smith's Heirs* v. *Dixon*, 3 Metc. (Ky.) 443. See *Hotchkiss* v. *Ladd*, 43 Vt. 353.

Exceptions, when allowed and filed, become a part of the record in the cause. *Small* v. *Haskins*, 30 Vt. 172.

*As to Mullin Bros. being conditional vendees*. Giving the offer the utmost scope favorable to the plaintiff, it is merely an

offer to show 'that Mullin Bros. were the conditional vendees, under an agreement entered into to defraud their creditors other than Carrigan. *Carrigan* v. *Lycoming F. Ins. Co.*, 53 Vt. 418.

The opinion of the court was delivered by

Ross, J.   This case was tried at the September Term, 1880, of the County Court, and resulted in a verdict and judgment for the plaintiff.   That judgment was reversed and the verdict set aside by this court at the General Term, 1881, and the case remanded to the County Court for trial.   It is immaterial to inquire the reasons that decided this court to remand the case for trial.   It might be suggested, that it probably was because having reversed the judgment, and set aside the verdict, the case stood on an issue closed to the jury, with no verdict for the defendant on which the court could render a judgment in its favor.   Hence, a further trial was necessary to procure a verdict on which a final judgment could be rendered, although the decision on the facts then before the court apparently rendered a verdict for the defendant on the retrial inevetable.   It is sufficient upon this point, to say that this court decided to remand the case for a new trial, and that decision was the law governing the case as it was before the County Court at the March Term, 1883.   It was the duty of the County Court to proceed so far in the trial as enabled it lawfully to determine in favor of one of the parties, the issue formed by the pleadings.   Without receiving any evidence, after empanelling a jury to try the issue, upon the record and the statement and offer of the plaintiff's counsel the court ordered a verdict for the defendant.   This presents the question, if the plaintiff should succeed in proving all that was embraced in his offer and claim, would it establish the case in his favor on the points covered by his claim and offer?

This court had decided that the answers of the plaintiff to the questions in the application in regard to the occupancy of the lower story of the building, and of the ownership of the store of goods therein, were, on the plaintiff's concession made upon the former trial, false in fact, material to the risk, and rendered the

policy upon the household furniture in the upper story of the building void. This concession had not been put in evidence, except as disclosed by the record. It was an oral concession made by the counsel upon the former trial. The fact that it was taken down by the presiding judge as a part of the evidence upon the trial, did not render it a part of the record, which the County Court could *sua sponte* act upon. The presiding judge's minutes of the evidence and proceedings in the former trial would not, without proof of their genuiness and identification, be admissible for any purpose on the retrial. It is contended that the concession was embodied in the exceptions to this court, and so became a part of the record in the case. The County Court treated the exceptions as a part of the record in the cause, and properly before it. Assuming for present purposes that the exceptions were a part of the record in the cause, and that the concession therein stated is to be treated as a *solemn admission* by the plaintiff's attorney, made for the purposes of the cause, and not solely for the purposes of that trial, and conclusive of the facts conceded on the plaintiff's offer and claim, was the defendant entitled to have a verdict ordered in his favor ? If, on the new trial, the plaintiff had conceded that Carrigan was the tenant of the lower story of the building, and that he owned the store of goods kept therein, and that in the application the answers to the inquiries in regard to occupancy of the store and ownership of the store of goods were false, he was not by such concession concluded from showing that such answers, though false, were made without his knowledge, by the defendant's own agent, and that he was not affected thereby. This, in substance, he claimed and offered to prove. His fourth offer was " that these answers were written in afterwards, and without the knowledge of the plaintiff, the defendant's agent using his own terms." This part of his offer alone entitled the plaintiff to introduce his testimony tending to establish it, and to go to the jury upon the question whether he was concluded by the concession. But, while a bill of exception, when given in evidence on a retrial of the case, and probably as a part of the record in the case, is evidence to be

considered in establishing the facts therein stated to have been conceded, or shown without contradiction, we do not understand that every statement of such a fact, shown or conceded, contained in a bill of exceptions, is, on the retrial, to be treated as having been conclusively established, or made for the purposes of all future proceedings in the cause. Exceptions, though certified by the presiding judge, are usually drawn up by the counsel of the excepting party. They should, and usually do, contain only so much of the proceedings on trial as will raise and present the questions raised by the exceptions. Although the other party has the right to have an accurate statement of what transpired on the trial, affecting the questions raised, if because he judges an amendment unimportant, or through negligence or inadvertance fails to notice an inaccuracy, or omission in the statement made in the exceptions, he should not be, and is not, conclusively estopped from showing, on a retrial, just what did transpire, and what was conceded, and what limitations there were to the concessions made upon the former trial, out of which the exceptions arose. The bill of exceptions is made to this court, and in this court is conclusive, upon the parties, upon the exceptions certified. While it becomes a part of the record in the cause, we do not think that it is necessarily conclusive in its statement of the facts, and concessions, upon either party, except in this court. On a retrial, either party may show that the concession was limited beyond what is stated in the exceptions. The bill of exceptions stand, in regard to conclusiveness, on a retrial of the cause, in the County Court, altogether differently, from a written stipulation admitting certain facts necessary to be established in the case, and placed on file by the attorneys of the parties. In such a case, to allow either party, upon a retrial, to withdraw from the stipulation, without notice to the other party, would operate as an unjust surprise and hardship. In most of the cases cited by the defendant's counsel, the concession, held to conclude the parties on a retrial of the cause, was in writing, signed and filed in the cause, under such circumstances as warranted the court in holding that it was made to be used in all future pro-

ceedings in the cause. We do not think this is necessarily true of every concession stated in a bill of exceptions, when no evidence except the exceptions are before the County Court, showing the exact terms and limitations of the concession. When the terms and limitations of the concession are shown, it is then for the court to construe and give effect to the concession, according to the intention of the party making it, to be determined, from the language used, and the circumstances under which it was made. Until more was shown than the statement in the exception that the plaintiff conceded that Carrigan was the occupant of the lower story of the building, and owned the store of goods therein, at the time the plaintiff made his application for insurance, it was premature for the County Court to adjudge that the plaintiff was concluded from showing that the concession was made solely for the purpose of the first trial.

But this point is not very material, inasmuch as the plaintiff in his second offer, virtually concedes that Carrigan was such occupant and owner, but seeks to avoid the effect of this concession by the third claim, that Butler, the agent of the defendant, who wrote the answers in the application, knew just how the facts were. The third claim fails to allege that the plaintiff fully informed Butler in regard to the occupancy of the store, and ownership of the goods, and that upon such information Butler wrote the answers, using language which he claimed expressed properly and truly who such occupier and owner was, but which in fact failed so to do. This failure does not bring the third claim within the decision of *Ring* v. *The Windsor Co. M. Fire Ins. Co.*, 51 Vt. 563.

On the second and third claims alone taken in connection with the concession stated in the exceptions, we do not think the County Court erred in directing a verdict for the defendants; but if the first or fourth claim should be established, the concession embodied in the exceptions, made upon the former trial, would be so far nullified, that it was error to direct a verdict for the defendant. The judgment is reversed, and cause remanded for a new trial.