STATE INS. CO. OF DES MOINES V. JORDAN.

[FILED MAY 6, 1890.]

1. Insurance: APPLICATION: AGENCY.  The agent of an insurance company, who is authorized to procure applications for insurance and to forward them to the company for acceptance, is the agent of the insurer, and not of the insured, in all that he does in preparing the applications or as to any representations as to the character and effect of the statements so made.

2. ———: ———: IGNORANCE OF CONTENTS.  Where it appeared that the insured was unable to read and write, and the application was made out by the agent of the insurance company, who testified that he read it over to the insured, while the latter testified that the agent did not so read it, and he had no knowledge of its contents, there being thus a conflict of evidence on this point, and the jury having found for the plaintiff, *held*, that if the insured was not aware of the contents of the application, he would not be bound by statements therein.

ERROR to the district court for Madison county.    Tried below before NORRIS, J.

*Higgins & Garlow*, for plaintiff in error, cited: *State Ins. Co. v. Jordan*, 24 Neb., 358; *Bobbitt v. Ins. Co.*, 66 N. C., 70 [8 Am. Rep., 494]; *Patrick v. Ins. Co.*, 43 N. H., 621 [80 Am. Dec., 197]; Sansum's Ins. Dig., 491,

State Ins. Co. v. Joidan.

secs. 28, 29; 1126, sec. 107; 1130, sec. 14; 1110, sec. 35; 666, secs. 2, 3; 668, sec. 13; 669, sec. 18; *Eastern R. Ins. Co. v. Ins. Co.*, 98 Mass., 420; 2 Wood, F. Ins., sec. 436; 440, N. 3; *Spring Garden M. Ins. Co. v. Evans*, 9 Md. 1 [66 Am. Dec., 308]; *Smith v. Ins. Co.*, 1 Allen [Mass.], 297 [79 Am. Dec., 733]; *Shoemaker v. Ins. Co.*, 60 Barb. [N. Y.], 84; *Davenport v. Ins. Co.*, 6 Cush. [Mass.], 240; *Murphy v. Ins. Co.*, 7 Allen [Id.], 239; *Patten v. Ins. Co.*, 38 N. H., 338; 1 Wood, F. Ins., secs. 150, 168, 171-2, 231, 401; Berryman, Ins. Dig., 624, 1; 627, 19; 470, 61, 68; May on Ins., sec. 290; *Indiana Ins. Co. v. Brehm*, 88 Ind., 578; *Beck v. Ins. Co.*, 44 Md., 95; *Richardson v. Ins. Co.*, 46 Me., 394 [74 Am. Dec., 495]; *Byers v. Ins. Co.*, 35 O. St., 606; *Weinberger v. Ins. Co.*, 18 Ins. L. J., 192; *Frost v. Ins. Co.*, 5 Denio [N. Y.], 154 [49 Am. Dec., 234]; *Southern M. Ins. Co. v. Yates*, 28 Gratt. [Va.], 585; *Susquehanna M. F. Ins. Co. v. Swank*, 102 Pa. St., 17; Angell, F. & L. Ins., sec. 148.

*H. C. Brome, contra,* cited: *Home Ins. Co. v. Davis*, 98 Pa. St., 280; *Clark v. Ins. Co.*, 6 Cush. [Mass.], 342; *Ins. Co. of N. A. v. McDowell*, 50 Ill., 120; *Kausal v. Ins. Co.*, 31 Minn., 17; *Fletcher v. Ins. Co.*, 13 Fed. Rep., 526; *Ring v. Ins. Co.*, 51 Vt., 563; *Mullin v. Ins. Co.*, 56 Id., 39; *Manhattan Ins. Co. v. Weill*, 28 Gratt. [Va.], 389; *Hartford, etc., Ins. Co. v. Gray*, 80 Ill., 28; *Somers v. Assur. Co.*, 9 Low. Can., 61.

MAXWELL, J.

This is an action on a policy of insurance. The insurance company in its amended answer to the amended petition alleges:

" That at the time said policy of insurance was issued the plaintiff made his written application therefor, in which he warranted said application to contain a true and full descrip-

tion and statement of the condition, situation, value, occupancy, and title of the property proposed to be insured in the said State Insurance Company of Des Moines, and warranted the answers to each of the questions asked in said application to be true; that among the questions asked in said application to the plaintiff was the following: 'Is the property incumbered in any way; if so, how much and when due?' to which inquiry plaintiff answered: 'The entire incumbrance is none;' and defendant says that said answer to said interrogatory was false and untrue, for at that time the said real estate upon which said property was situated was incumbered in the sum of $500 by a mortgage, which was executed prior thereto; and defendant says that by reason of said false and untrue answer so made in said application said policy by its terms was void, and the defendant was never liable thereon; that said application contained an interrogatory as follows: 'Chimneys, what kind?' to which interrogatory plaintiff made the following answer: 'Galvanized iron caps;' which answer was false and untrue, for at that time and no time thereafter was there a galvanized iron cap, as stated by plaintiff in said application; and defendant says that by reason of said false and untrue answer so made in said application, said policy was by its terms void, and the defendant was never liable thereon; that the following questions, among others contained in said application, was asked said plaintiff: 'Granary, its direction and distance from the house?' to which interrogatory said plaintiff answered, 'N. W.—100 feet;' which answer to said interrogatory so made was false and untrue, for said granary was not of the distance of 100 feet from said house, as in said application so stated; and defendant says that by reason of said false and untrue answer so made said policy by its terms was void, and defendant was never liable thereon; that said application, by its terms and by the terms of the policy of insurance, is made a part of the contract, and the statements contained in said application

shall be the sole basis of the contract between the plaintiff and defendant, and defendant says that by reason of the false and untrue answers and statements, and each of them, in said application so made the said policy of insurance was void, and defendant was never liable thereon."

The testimony tends to show that one Richmond, the agent of the insurance company at Norfolk, had solicited for his company the risk in question.   Mr. Jordan did not seem eager to insure his property and the agent called upon him more than once before receiving the application. Richmond referred Jordan to a Mr. Hovey as to the financial standing of the company and being assured by Hovey that the company was all right the application was made by Richmond filling it out.   He claims to have read the application to Jordan, which the latter denies, and the proof clearly shows that he is unable to read and write, and the jury would be justified from the evidence in finding that Jordan knew nothing about the various questions propounded in the application or the answers thereto as made by Richmond.

On the trial of the cause the jury made special findings as follows:

Q. At the time the plaintiff signed the application for insurance, and at the time the policy in suit was issued, was the chimney of the insured house a galvanized iron cap?

A. No, it was an iron cap.

Q. At the time the plaintiff signed the application for insurance, and at the time the policy was issued to him, was the real estate on which the property stood incumbered by a mortgage of $500, or any other amount, and did the plaintiff know the fact?

A. Yes.

Q. Was the risk increased because there was not a galvanized cap around the stove-pipe at the place where it passed through the roof?

A. No.

Q. Was the granary and its contents destroyed by the fire which originated in the house by reason of its proximity to the house?

A. Yes.

Q. Was the insured granary less than 100 feet from the house insured under this policy?

A. Yes.

And returned a general verdict in favor of Jordan for $351.75, upon which judgment was rendered.

The attorneys for the insurance company contend that notwithstanding the fact that the application was filled out by an agent of the company and the inability of Jordan to read, still he is bound by the terms of the application. Richmond was the agent of the insurance company and as such represented it in filling out the application, and if he made out the same without inquiry as to the facts, or incorrectly when the facts were stated to him correctly, the company will be bound thereby.

Under our statute an agent of an insurance company, in order to do business for his company in the state, must procure from the state auditor a certificate of authority showing that such company has complied with all the requirements of the law. This certificate must be renewed annually, and heavy penalties are provided for a failure to comply with the statute in this regard. (Secs. 24, 25, 26, 27, ch. 43, Comp. Stats.) The agent of an insurance company authorized to procure applications for insurance and to forward them to the company for acceptance, are the agents of the insurers and not of the insured in all they do in preparing the applications or as to any representations they may make to the insured as to the character and effect of the statements so made. (*Kausel v. Minn. F. & Mut. Fire Ins. Co.*, 31 Minn., 17; *Hartford Ins. Co. v. Gray*, 80 Ill., 28; *Mullin v. Vt. Ins. Co.*, 56 Vt., 39; *Manhattan Ins. Co. v. Weill*, 28 Gratt., 389; *Ring v. Ins. Co.*, 51 Vt., 563.) Public policy and good faith require that the persons

clothed by the insurance companies with power to examine proposed risks and fill out, receive, and approve applications for insurance shall bind their principals by their acts and knowledge acquired by them.

The business of an insurance company is to insure, and in case of loss make its promise good by paying the same, otherwise it becomes a broken reed upon which the insured has vainly leaned for support. There is no pretense or claim on behalf of the plaintiff in error that the loss occurred through any fault of Jordan, and it seems to have been greater than the amount awarded to him by the jury.

There is also a claim that the proofs of loss were not furnished within the time stipulated in the policy. The proof tends to show a waiver in that regard; but even if it did not, the proofs seem to have been furnished in a reasonable time.

There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.