SELMA MALM, APPELLEE, V. STATE FARMERS INSURANCE COMPANY OF OMAHA, APPELLANT.

FILED NOVEMBER 29, 1933. No. 28671.

*Arthur F. Mullen, Paul P. Massey* and *John C. Mullen,* for appellant.

*Jack Koenigstein* and *George W. Dittrick,* contra.

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

GOOD, J.

This is an action on a fire insurance policy. The defense tendered was that the policy was procured by fraud in misrepresenting the size and value of the insured building. A trial to the court without a jury resulted in a judgment for plaintiff, and defendant has appealed.

The record discloses that plaintiff was the owner of a farm and dwelling-house thereon. The business affairs of plaintiff were usually conducted by her husband, and it was he who attended to procuring the insurance in

question. In March, 1928, one Williams, an agent of defendant, solicited plaintiff's husband for insurance. The agent resided in Madison county. Plaintiff's farm and buildings were located in Holt county, some 75 miles distant from the agency. Plaintiff's husband told the insurance agent of the ownership of the farm and buildings, and informed him of the amount of insurance desired upon the dwelling-house, barn and granary, being a specific amount upon each of the buildings.

Defendant's agent was engaged in the real estate business and had associated with him in that business one Maas. Maas went to the plaintiff's premises, measured the buildings and reported to the agent the size of the dwelling-house and addition thereto. There is contained in the record an application for the policy, purporting to be signed by plaintiff, but it appears without question that she did not sign the application. Her husband testified that he did not sign, or did not think he signed, the application. The agent testified that he might have signed the name of plaintiff thereto; first testified that he thought he had done so, but later he was inclined to think he had not signed. In the application the dimensions of the insured dwelling-house are stated. The agent testified that this information was given to him by his partner Maas, and from that he wrote into the application the dimensions of the building; that neither plaintiff nor her husband was present when this was done; nor did they know that the dimensions were so written. It appears that the dimensions, as stated in the application, were very much greater than the actual dimensions of the dwelling. It also appears that neither plaintiff nor her husband made any statement to the agent as to the dimensions of the building or value thereof, and that the only information, respecting the dimensions and value of the building, was received by the agent from his partner Maas. The dwelling-house was totally destroyed by fire on the 7th of October, 1931.

Under the valued policy statute, if any recovery is per-

mitted, plaintiff is entitled to the total amount of insurance upon the building, regardless of its value at the time of the fire. Comp. St. 1929, sec. 44-344.

Defendant contends that by bringing suit on the policy plaintiff has ratified the signing of her name to the application and is bound thereby to the same extent as if she had actually signed it, knowing that it contained the untrue statements regarding the dimensions of the building; that the misrepresentations as to the dimensions are material to the risk, and, but for them, on which the defendant relied, the policy would have not been issued, and that the court should have found in favor of the defendant and rendered judgment accordingly.

Defendant cites and relies upon a number of cases which hold that the acceptance by a principal of the fruits of an unauthorized contract, made by his agent, or an attempt to enforce the same, is a ratification of such agent's conduct, the ratification relating back to the date of performance of the act ratified, and the principal is bound by the effect thereof and the results flowing therefrom, as much so as if he, himself, had performed the act. Defendant also cites a number of cases holding to the effect that a principal who attempts to enforce, or who accepts the benefits of, a contract, executed in his behalf by an agent, is chargeable with the instrumentalities employed by the agent in procuring the contract. We have no quarrel with the cases so cited, but think they are not applicable to the facts disclosed by the record in this case.

Williams was the agent of the company. Maas was his partner in the real estate business. Williams and Maas solicited the insurance from plaintiff's husband. They were representing the company. They were not the agents of the plaintiff. Plaintiff neither made any application, nor authorized any application to be made, to the defendant for the insurance. Neither plaintiff, nor any one in her behalf, made, or authorized to be made, any statements relative to the dimensions or value of the insured building.

Section 44-307, Comp. St. 1929, provides: "Any person, firm or corporation in this state who shall with authority receive or receipt for any money on account of, or for any contract of insurance made by him or them, or for any such insurance company or individual aforesaid, or who shall with authority receive or receipt for money from other persons to be transmitted to any such company or individual aforesaid for a policy or policies of insurance, or any renewal thereof, although such policy or policies of insurance may not be signed by him or them, as agent or agents of such company, or who shall in any wise make or cause to be made any contract or contracts of insurance, for or on account of such company aforesaid, shall be deemed, to all intents and purposes an 'agent' or 'agents' of such company."

In 26 C. J. 308, it is said: "The insurer will not be permitted to avoid the policy by taking advantage of any misstatement, misrepresentation, or concealment, of a fact material to the risk, which is due to the mistake, fraud, negligence, or other fault of his agent, and not to fraud or bad faith on the part of the insured. The rule has been applied to a misdescription of the property insured, and to misstatements as to title or interest, encumbrances, other or additional insurance. and the value of the property insured."

In *Robinson v. Union Automobile Ins. Co.*, 112 Neb. 32, this court held that one who solicits an application for insurance of any kind, or who, with authority, receives or receipts for money on account of any contract of insurance made by him, although the policy may not be signed by him, shall be deemed, to all intents and purposes, the agent of the insurance company. In the instant case, Williams and Maas collected the premiums for the policy.

In *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554, it was held: "An insurance company is liable on its policy issued on a written application misstating the facts, where such misstatements were written in the application by the company's agent, the insured having correctly stated

the facts and acted otherwise in good faith, not consenting to or knowing of the misstatement." This holding was reaffirmed in *Busboom v. Capital Fire Ins. Co.*, 111 Neb. 855.

In *State Ins. Co. v. Jordan*, 29 Neb. 514, it was held: "The agent of an insurance company, who is authorized to procure applications for insurance and to forward them to the company for acceptance, is the agent of the insurer, and not of the insured, in all that he does in preparing the applications or as to any representations as to the character and effect of the statements so made."

Under the holdings above announced, we are clearly of the opinion that defendant cannot avoid the policy because of any misstatements that were made in the application, since these misstatements were not attributable to the plaintiff and were unknown to her, but were made by defendant's agent.

We find no valid ground for interfering with the judgment of the district court, and it will be affirmed, with an allowance to the plaintiff of $125 for attorney's fee in this court, to be taxed as part of the costs.

AFFIRMED.