C. M. MEAD v. BURLINGTON & LAMOILLE RAILROAD COMPANY.

*Railroads.   Fences.   Gen. Sts. c. 28, s. 47.   Contributory Negligence.*

In case for the killing of cows by a train on defendant's railroad, it appeared that the cows when killed were lying on the track in plaintiff's meadow through which the road ran, and into which plaintiff had turned the cows to graze, and that the road, although it had then been in partial operation about a month, was there still unfenced.  *Held*, that under s. 47, c. 28, Gen. Sts., the duty of defendant was absolute to erect and maintain fences along its road ; and that therefore question as to contributory negligence on the part of plaintiff in turning his cows into the meadow did not arise.

Questions not raised in the County Court will not be considered in the Supreme Court.

CASE for the killing of four cows by a train on the defendant's railroad on the night of August 6, 1877.   Plea, general issue, and trial by jury, April Term, 1879, PIERPOINT, C. J., presiding.

It appeared that the defendant's railroad, which was constructed in 1876 and 1877, and put in partial operation about a month before the infliction of the injury complained of, ran through the plaintiff's meadow, a distance of about one hundred and twenty-

five rods ; that there was no fence between the railroad and the meadow, nor anything to prevent cattle from straying from the meadow onto the track ; and that the cows when killed were lying on the track.

The plaintiff testified that the meadow, which contained about twenty acres, lay between the highway and the railroad, and that his house stood in the meadow ; that for three or four days before the accident, the feed being short in his pasture, he had turned his cows into the meadow to graze ; that on the night of the accident he milked them about dark, and left them for the night in the meadow about fifteen rods from the track ; that he knew the night passenger train, by which the cows were killed, would be along as usual at about 11 o'clock, but paid no attention to the going of the cows onto the track, supposing the defendant would take care of that ; that during those days the cows went from the meadow onto the track twelve times, that he knew it, and saw the trains stop several times and saw the cows driven off, and that he sent his dog to drive them off.

The evidence tended to show that the defendant began building fences along its road early in the spring, fencing pastures first, and that at the time of the accident it was fencing meadows in the plaintiff's neighborhood ; that the defendant practiced fencing meadows into which people wanted to turn cattle, in preference to others ; that as the plaintiff had not harvested his hay and grain, and had given no notice that he wanted to turn his cattle into his meadow, or that he wanted a fence, and as the defendant did not know that the plaintiff wanted to turn his cattle into his meadow before harvesting, the defendant was building other fences as aforesaid as rapidly as possible ; and that it in fact reached the plaintiff's meadow a few days after the accident. There was no evidence to show, and no claim was made, that there was any negligence in the management of the train by which the cows were killed.

When the evidence was all in, the defendant requested the court to rule that the evidence showed such negligence on the part of the plaintiff that he was not entitled to recover. The court refused so to rule ; to which the defendant excepted.

The defendant requested the court to charge that if the injury resulted wholly or partly from the plaintiff's negligence he could not recover ; that the duties of the defendant in the building of fences were defined by section 50, c. 28, Gen. Sts. and not by section 47 ; that if the defendant failed to construct the fence, the plaintiff had a right to construct it and call on defendant to pay therefor, according to the provisions of sections 51, 52, c. 28, Gen. Sts., and that in considering the question of care on plaintiff's part the jury might consider that. The court refused so to charge, but ruled that the defendant was liable, and submitted to the jury the question of damages only. To the refusal of the court to rule and charge as requested, the defendant excepted.

*L. L. Lawrence*, *W. L. Burnap*, and *C. S. Palmer*, for the defendant.

An action is given by the statute for damages occasioned by want of fences after the road is in running order, and not otherwise. Here the road began at the earliest practicable moment, and was proceeding with the utmost dispatch. If the plaintiff's necessity was more urgent than the diligence on the part of the defendant could meet and satisfy, he had an ample remedy by building a fence himself. Again, if the damage was occasioned wholly or partly by the negligence of the plaintiff, it was *not* occasioned by want of fences, and he could not recover. This case is analagous to cases for damage on a highway. The reasoning on which the doctrine of contributory negligence is applied in that class of cases is equally applicable in this. *Noyes* v. *Morristown*, 1 Vt. 353. The court, therefore, having declined to direct a verdict, as requested, erred, not only in refusing to lay these features of the case before the jury, with proper instructions to be weighed in considering the question of due care on the part of the plaintiff, but also more obviously in refusing to submit to the jury, as requested, any consideration of negligence on the part of the plaintiff.

But independently of the question of negligence, the case should have been submitted to the jury to find if the damages were occasioned by want of fences.

Ought not the court, however, to have complied with the defendant's first request ? Our statute differs materially from that of most other states in that under it the liability is not an absolute one, but excepts all cases where the absence of the fence is not the proximate cause of the injury. Proximate cause is " a cause from which a man of ordinary experience and sagacity could foresee that the result might probably occur." Shearm. & Redf. Negl. s. 10, and cases cited. Such is the practical construction of the courts. *Bennett* v. *Lockwood*, 20 Wend. 223, and cases *passim*.

*J. J. Monahan* and *S. Haselton*, for the plaintiff.

The damages were occasioned by want of fences, and there was no question for the jury except the question of damages. Gen. Sts. c. 28, ss. 47, 50 ; *Holden* v. *Rutland & Burlington Railroad Co.* 30 Vt. 297 ; *Hurd* v. *Rutland & Burlington Railroad Co.* 25 Vt. 116.

There was nothing in the case calling for a charge on the subject of negligence. The defendant ran its trains without right, in defiance of law, and took its risk. The statute fixes liability for damages done under such circumstances to cattle rightfully in the adjoining fields. Sections 47, 50, 51, c. 28, Gen. Sts., are not inconsistent, and there is no ground for the claim that section 47 does not apply. The railroad law of 1872 expressly, though probably needlessly, specified that railroad companies organized thereunder should be subject to *all* the duties, liabilities, and provisions contained in chapter 28, or in any law of the State applicable to railroad companies. The amendment of 1874 has the same provision.

The opinion of the court was delivered by

Ross, J. The principal question raised by the requests of the defendant is, whether the plaintiff was guilty of contributory negligence in regard to the destruction of his cows by the defendant's engine. Whether this principle has any application to the facts of the case, as it was before the County Court, and whether that

court erred in refusing the defendant's requests, must be determined by the relative rights and duties of the parties towards each other, and the subject-matter in controversy as determined and fixed by the statute. Section 47, c. 28, Gen. Sts., casts upon the defendant the duty and burden of erecting and maintaining a legal fence upon the sides of its road, and cattle guards "suitable and sufficient to prevent cattle and animals from getting on to the railroad"; and provides that "until such fences and cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by its agents or engines to cattle, horses, or other animals thereon, occasioned by want of such fences or cattle guards. After such fences and guards shall be duly made, the corporation shall not be liable for any such damages unless negligently or wilfully done." This statute prescribes the defendant's duty in regard to fencing its road, and its liability for injuries done by its trains to cattle while its road remained unfenced. This duty and liability the defendant was under to the plaintiff as an adjoining land owner. *Jackson* v. *Rutland & Burlington Railroad Co.* 25 Vt. 150; *Morse* v. *Same,* 27 Vt. 49; *Bemis* v. *Connecticut & Passumpsic Rivers Railroad Co.* 42 Vt. 375. The Legislature had the power and right to impose this duty and liability upon the defendant. *Thorpe* v. *Rutland & Burlington Railroad Co.* 27 Vt. 140. One object of the required fences along the defendant's road through the plaintiff's meadow was to protect the plaintiff's cattle by restraining them from entering upon the road, where they were liable to be injured by the running of trains. When the defendant commenced running trains over its road, unfenced adjoining the plaintiff's meadow, it ran them at its peril as regards the plaintiff's cattle lawfully upon his meadow, with its duty to him and them undischarged in regard to the erection of the fences. The statute in terms prescribes the liability and penalty it thereby incurred. The act of thus running trains was negligence towards the plaintiff and his cattle because of the undischarged duty in that respect, and it was this negligence that injured the plaintiff in the destruction of his cows. The plaintiff owed no duty to

the defendant to keep his cattle from its railroad track unfenced, nor to refrain from turning his cattle into his meadow. He rightfully turned them into the meadow, nor was he bound to watch them while there, to keep them from entering upon the defendant's railroad. Hence, in what the plaintiff did he disregarded no duty he was under to the defendant, and was guilty of no negligence in that behalf. Negligence from one party towards another exists only where the former does, or fails to do, some act which brings him short in the discharge of his legal duty relatively to the latter. Inasmuch, therefore, as the plaintiff had the right to turn his cows upon his meadow for pasturage or any other lawful and proper purpose, and was under no duty to the defendant to restrain them from passing upon the defendant's railroad track, but the defendant was under a duty to the plaintiff, by the express terms of the statute, so to debar the plaintiff's cattle, no negligence is predicable of the act of the plaintiff in that behalf, but there is, of the omission of the defendant to discharge its statutory duty. Hence, on the facts before the County Court, under the law the question of contributory negligence did not arise, and the defendant's requests relating to that subject were properly refused. The plaintiff's relation to the defendant's railroad track through his meadow in regard to restraining his cattle from entering thereon, is essentially different from that of a traveller to a town, or a highway, for the sufficiency of which the town is liable. The town is under a legal duty to provide the traveller a reasonably safe highway to pass over, but in passing over it, the traveller is under a duty relatively to the town to use the highway as a careful and prudent traveller should. The statute relieved the plaintiff of any duty to the defendant in restraining his cattle from the unfenced track of the defendant running through his meadow, and cast all that duty upon the defendant, and prescribed its liability to the plaintiff for the non-discharge of such duty.

The defendant now claims that the court erred in not submitting to the jury to find whether the injury to his cows was occasioned by the want of fences. No such question appears to have been

raised in the County Court. But if it had been raised, in the absence of all testimony tending to show that such damage was occasioned by any other means, in any other way or manner, and the cause shown being ample, the court were warranted in directing a verdict, on this branch of the case, for the plaintiff.

*Judgment affirmed.*