## FRED SMITH *v*. BARRE R. R. CO.

*Railroad companies.    Fences.    Animals lawfully in adjoining*
*fields.    Charge of court.*

1.  It is the statutory duty of a railroad company to fence its road as against
    any animals that are lawfully upon the lands through which it
    passes.

2.  Where the land owner contracted to pasture the plaintiff's horse in an
    adjoining pasture, from which he suffered it to escape upon his mead-
    ow, the horse is lawfully in the meadow as regards the railroad com-
    pany, and the plaintiff may recover if it passes therefrom onto the
    track and is injured through the insufficiency of defendant's fences.

3.  *Held*, that the court below sufficiently instructed the jury that the injury
    to the plaintiff's horse must have been caused by the neglect of the
    defendant to properly fence its road.

Action on the case for injuring the plaintiff's horse.   Plea,
the general issue.   Trial by jury at the September term, 1890,
Washington county, Munson, J., presiding.   Verdict and judg-
ment for the plaintiff.   The defendant excepts.

The plaintiff hired the horse pastured by Bedell & Abbott,
who owned the farm where it was injured.   The horse was kept
in a pasture, between which and the defendant's track there was
a sufficient fence.   It escaped from the pasture into an adjoining
meadow belonging to the same farm through the fence separat-
ing the two lots, and from there passed on to defendant's track.

The defendant requested the court to charge as follows :

" That the undisputed evidence shows that the plaintiff's
horse was to be kept in this pasture ; therefore the horse could
not be lawfully upon any other part of the farm.   The whole
evidence shows the horse did not escape over the defendant's
fence, but the fence of Bedell & Abbott onto other lands where
he had no legal right, the horse then had strayed unlawfully on

the right of way of the defendant and the plaintiff cannot recover."

The court refused to so charge, and upon this point instructed the jury as follows :

" The owners of the farm had a right to have the horse in either the pasture or the meadow, and as against the railroad company the horse would have been rightfully in the meadow after escaping from the pasture through the dividing fence between the two lots. So that the railroad company is liable for the injury resulting to the horse from getting upon the railroad track after escaping through the bars, unless the owners of the farm had in some way waived the building of a fence against the meadow."

The defendant excepted to the refusal of the court to charge as requested, and to so much of the charge as is above given.

*S. C. Shurtleff*, for the defendant.

The horse being improperly upon the meadow, the plaintiff cannot recover. *Holden* v. *Rutland & B. R. Co.*, 30 Vt. 297 ; *Saxton* v. *Bacon*, 31 Vt. 540.

*W. A. & O. B. Boyce*, for the plaintiff.

Bedell & Abbott were to pasture this horse and might lawfully keep it on any part of their farm. It was no more unlawfully in this meadow than as if it had been their own. *Jackson* v. *Rut. & Bur. R. Co.*, 25 Vt. 150, 161 ; *Morse* v. *Rut. & Bur. R. Co.*, 27 Vt. 49 ; *Bemis* v. *Conn. & Pass. R. R. Co.*, 42 Vt. 375.

The opinion of the court was delivered by

ROSS, Ch. J. The defendant contends that the plaintiff's horse, on the occasion when it was injured, was wrongfully upon the meadow. The plaintiff had arranged with the owners of the meadow to pasture the horse in a pasture belonging to them, which adjoined the meadow, upon the understanding that it should be kept in the pasture. If the land owners allowed the horse to escape

upon the meadow, the horse would be wrongfully there neither as against the rights of the defendant, nor of the land owners. The statute requiring a railroad to fence its road is for the protection of the land owners, through whose land it runs, in any lawful use which they may desire to make of their lands:—that is, a use lawful as between the land owner and the railroad company. Under the finding of the jury in regard to the right of the owners of the meadow to have the defendant fence its road, the owners of the meadow had the right to turn the horse upon the meadow. If they had that right as against the defendant, and allowed the horse to go upon the meadow, in violation of their agreement with the plaintiff, the horse would still be upon the meadow lawfully and rightfully so far as regards the land owners and the defendant. The horse would not be trespassing upon the meadow as to either the land owners or the defendant. It is with reference to the rights of the land owners, and the defendants, that the horse must be wrongfully upon the meadow. It was the duty of the defendant to fence its road, to protect all animals which were, as regards the owners of the meadow, rightfully thereon. Hence the defendant was not entitled to have his request complied with. The plaintiff's horse was rightfully upon the meadow, for it was there without any fault of the plaintiff, and either by the fault or consent of the owners of the meadow. If by their fault, it was rightfully there as to the owners. They could not complain, or maintain any action of tort, or otherwise, against the plaintiff because of his horse being upon their meadow, and the defendant was bound to fence its road through the meadow to protect from harm such animals as might be lawfully and rightfully upon it, with reference to the owners of the meadow.

II. The defendant further contends that there was error in that portion of the charge which related to the subject of its request, in that the court did not confine the plaintiff's recovery for an injury caused by the defendant's neglect to fence its rail-

road.   But, we think, this portion of the charge is not justly sub-ject to this objection.   It is true the court did not in terms tell the jury that the injury to the horse must have been caused by the defendant's failure to perform the duty imposed by statute in regard to fencing its road.   But in substance it did so instruct them.   It said : " So that the railroad company is liable for the injury resulting to the horse from getting upon the railroad track," &c.   Under this instruction the injury to be recovered for must have resulted to the horse from getting upon the rail-road track.   It was not claimed if rightfully upon the meadow that the horse came upon the railroad track through any fault or neglect, except the failure of the defendant to fence its road as required by law.   This was a correct statement of the law that the injury must be caused by the failure of the defendant to dis-charge its statutory duty.   It might well have been more full, and it may be well presumed that the charge if given entire would show that it was more full and explicit on this subject. The exceptions pretend to give only that portion of the charge which relates to the defendant's request.   We find no error in the proceedings.

*Judgment affirmed.*