## ALBERT HARWOOD'S ADMX.

### v.

## BENNINGTON & RUTLAND RY. CO.

### May Term, 1895.

*Cattle Guards.    Contributory negligence.    Evidence.*

1.  In an action against a railroad company for not maintaining a sufficient cattle guard, whereby the plaintiff's horse passed from the highway onto the track and was injured, it is no defence that the horse escaped from the control of the owner, who was lawfully leading it along the highway, through his neglect.

2.  Evidence offered by the defendant that its cattle guard was like those in common use by other companies, which had proved sufficient, was properly excluded for the reason, if no other, that the offer did not propose to show that the others were used under similar circumstances.

Case for the killing of plaintiff's horse.    Plea, the general issue.    Trial by jury at the December term, 1895, Bennington county, Rowell, J., presiding.    Verdict and judgment for the plaintiff.    The defendant excepts.

*Batchelder & Bates* for the defendant.

If the horse escaped through the negligence of the one in charge, it was wrongfully upon the highway and no recovery can be had.    *Maynard* v. *Rd. Co.*, 115 Mass. 458; *McDonnell* v. *Rd. Co.*, 115 Mass., 564; *Towne* v. *Rd.*

*Co.,* 124 Mass. 101; *Jackson* v. *Rd. Co.,* 25 Vt. 150; *Morse* v. *Rd. Co.,* 27 Vt. 49; *Bemis* v. *Rd. Co.,* 42 Vt. 375.

*C. H. Darling* for the plaintiff.

The offer that similar cattle guards had proved sufficient was too narrow. *Waite* v. *Rd. Co.,* 61 Vt. 268; *Trow* v. *Rd. Co.,* 24 Vt. 487; *Congdon* v. *Howe Scale Co.,* 66 Vt. 255.

The plaintiff was not guilty of contributory neglect. *Congdon* v. *Rd Co.,* 56 Vt. 390; *Cressey* v. *Rd. Co.,* 59 N. H. 564; 47 Am. Rep. 227.

START, J. While the horse of the plaintiff's intestate was being led along a highway by one Houghton, in whose care it had been placed, it escaped and ran along the defendant's track and was there killed. The plaintiff claimed, and her testimony tended to show, that the defendant's fence and cattle guard, at the point where the horse escaped and went upon the defendant's track, were defective; and that the death of the horse was occasioned by the insufficiency of the fence and cattle guard. The defendant claimed that the negligence of Houghton in leading the horse along the highway in the manner its evidence tended to show contributed to the injury complained of. The court held that Houghton's negligent manner of leading the horse at the time it escaped did not affect the liability of the defendant, and instructed the jury that the defendant was liable if the cattle guard was defective and the horse was on the track by reason of such defect, even though it was negligence on the part of Houghton to lead the horse as he did, and his negligence contributed to the horse's getting upon the track.

This holding and instruction was correct. It was the duty of the defendant to maintain a cattle guard at the point where the horse escaped from the highway and went upon

the defendant's track, suitable and sufficient to prevent cattle, horses and other domestic animals from getting upon its track; and, if damage has been done by its agents or engines to cattle, horses or other domestic animals, it is liable, if such damage was occasioned by want of a cattle guard sufficient to prevent such animals from escaping from the highway and going upon its track.

R. L., s. 3407, makes it the duty of railroad corporations to construct and maintain cattle guards at all farm and road crossings sufficient to prevent cattle and other domestic animals from getting upon the railroad track. R. L., s. 3409, requires railroad corporations to construct and maintain sufficient fences on both sides of its road. R. L., s. 3412, provides that, until fences and cattle guards are made, the corporation and its agents shall be liable for the damage done by its agents or engines to horses, cattle and other animals, if occasioned by want of such fences or cattle guards; and that, after such fences and guards are made, the corporation shall not be liable for such damage unless negligently or wilfully done. This last section was construed in *Congdon* v. *C. V. R. R. Co.*, 56 Vt. 39, and it was there held that the duty to maintain fences in a legal condition is as clearly imposed as the duty to construct them. The duty imposed by this section in regard to maintaining cattle guards is the same as that imposed in respect to fences; and it was not only the duty of the defendant to construct a cattle guard at the point where the horse escaped from the highway and went upon its track, but it was its duty to maintain and keep the guard in a condition to prevent cattle and other domestic animals from getting upon its tracks at that point.

The statute having made it the duty of the defendant to maintain a cattle guard at the point where the horse escaped from the highway and went upon its track sufficient to prevent horses from getting upon its track, and declared that for its neglect to do so it should be liable for all damages

done by its agents and engines, if occasioned by such neglect, the question of whether Houghton was negligent in leading the horse along the highway in the manner he did was immaterial, and the court properly withheld the question from the consideration of the jury.    There was no claim that the defendant was negligent in running its train. The claim was that the defendant had neglected to perform a duty imposed upon it by statute ; and the plaintiff sought to recover by force of the statute imposing a liability upon the defendant for damage occasioned by such neglect.    The court charged the jury that, if the horse was on the track by reason of the insufficiency of the fence and guard, or of the guard, at the point where the horse jumped upon the track, the defendant was liable.    The jury found that the fence or guard was insufficient at the point where the horse went upon the track ; and, under the instruction of the court, they must have found that the injury was caused by such insufficiency.

While the horse was being lawfully led along the highway by Houghton, it may have escaped from his control and gone at large upon the highway by reason of his negligence.    But while so at large, it escaped from the highway and went upon the defendant's track by reason of the neglect of the defendant to perform a duty imposed upon it by statute ; and the defendant is liable for the damage occasioned by such neglect by reason of the statute.    The liability thus imposed is not a qualified one, dependent upon the care and prudence on the part of a person lawfully leading or driving a horse upon the highway ; and the defendant is not excused from liability because the horse, while being led upon the highway, escaped from control through Houghton's negligence.    The doctrine of contributory negligence has no application where the findings bring the case within the provisions of the statute.    Such guards are intended for the protection and safety of cattle, horses or other domestic ani-

mals lawfully upon the highway. The question of contributory negligence in this class of cases is fully discussed in *Congdon* v. *C. V. R. R. Co.*, *supra*, and that case and the cases cited are sufficient authority for holding that the doctrine of contributory negligence does not apply in this case.

The court properly excluded the testimony offered by the defendant to show that its cattle guard at the time of the accident was of a pattern and size in common use, and that such guards had been sufficient to prevent animals from getting upon the railroad track. If evidence of this character is ever admissible, which we do not decide, the offer was too narrow, in that the defendant did not propose to show that the other cattle guards that had proved sufficient and served their purpose were similarly circumstanced. *Congdon* v. *Howe Scale Co.*, 69 Vt. 255.

*Judgment affirmed.*

Tyler, J., being engaged in county court, did not sit.