ARTHUR DELPHIA v. RUTLAND RAILROAD CO.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, and STAFFORD, JJ.

Opinion filed November 30, 1903.

*Railroads—Duty to Fence—V. S. 3874-3877.*

The duty to fence the sides of its road imposed upon a railroad company by V. S. 3874-3877, is owed, at any given point, to the immediate abutter only.

When the side of a railroad opposite land of two adjoining abutters is unfenced, and a horse lawfully on the land of one, wrongfully goes onto the land of the other, and thence onto the track, and is there killed by a locomotive, the company is not liable to the owner of the horse for not maintaining a fence.

CASE for killing plaintiff's horse which escaped from private land onto defendant's track. Heard on an agreed statement, at the June Term, 1903, Addison County, *Watson*, J., presiding. Judgment for the defendant. The plaintiff excepted. The facts sufficiently appear in the opinion.

*Cushman & Russell* for the plaintiff.

V. S. 3877, as construed by *Quimby & Rogan* v. *B. & M. R. Co.*, 71 Vt. 301, fixes the liability of the defendant. See also *Hardwood's Admr'x* v. *R. Co.*, 67 Vt. 664.

Statutes upon this subject rest upon the police power. *Thorpe* v. *R. Co.*, 27 Vt. 140; Elliott on R., Vol. 3, § 1182.

If defendant is liable for injuries to animals coming onto the track from a highway, whether because of a defective fence or a defective cattle guard, but is not so liable when the animal comes from private land unless they are lawfully on such land, then the owners of animals injured because of

defective cattle guards at *farm crossings* can not recover unless their animals were lawfully on the premises whence they came upon the track.

The law in respect to maintaining fences and cattle guards is the same. *Trow* v. *R. Co.,* 24 Vt. 487.

*P. M. Meldon* and *H. H. Powers* for the defendant.

The duty of fencing its tracks imposed upon a railroad company by V. S. 3874, is to afford protection to adjoining owners alone. The Legislature in a separate section (V. S. 3871) also imposes the duty upon railroads to maintain cattle guards at crossings. And while a right of action is given in a single section (V. S. 3877), for the violation of either provision, the principles upon which the right is based in each case are different.

The horse was unlawfully upon the land whence it went upon the track, and the duty was to the individual owner, or rightful occupier at that point, and not to the plaintiff. Redfield on Railways, p. 375; Sher. & Red. on Neg., p. 368; Field on Corp., p. 691; Pierce on Railroads, 412; *Rust* v. *Low,* 6 Mass. 90; *Eames* v. *R. Co.,* 98 Mass. 560; *Trow* v. *R. Co.,* 24 Vt. 488; *Jackson* v. *R. Co.,* 25 Vt. 150; *Hurd* v. *R. Co.,* 25 Vt. 123; *Bemis* v. *R. Co.,* 42 Vt. 375; *Congdon* v. *R. Co.,* 56 Vt. 390; *McDonnell* v. *R. Co.,* 115 Mass. 564.

STAFFORD, J. The Vermont Statutes require a railroad to construct and maintain on the sides of its road a good and sufficient fence (3874), and provides that if it fails to do so any person aggrieved may construct it, in which case the selectmen of the town may appraise the value and the railroad shall pay (3875); but declare that the provisions requiring the construction and maintenance of fences shall not apply to a case where the railroad has settled with and paid the land

owner for building and maintaining them (3876); and if the person so paid for keeping up the fence neglects to do so the railroad may do it and recover the expense of such person or his grantee (3876); and that until such fences, as well as sufficient cattle guards at farm and highway crossings, are duly made, the railroad shall be liable for the damage done by agents or engines to cattle, horses, or other animals thereon, if occasioned by want of such fences and guards (3877).

The plaintiff occupied a lot abutting to the west upon the defendant's right of way. There was no fence between this lot and the railroad. Next south of the plaintiff's lay the lot of another owner also abutting to the west upon the defendant's right of way, and likewise unfenced. The plaintiff's horse, which was tethered to a stone upon the plaintiff's land, becoming frightened by a passing train, ran with the weight into the lot of this adjoining owner and from that lot to the track, in front of the locomotive, and was killed. The question is whether the plaintiff can recover the value of the horse; and this depends upon whether the defendant's duty to maintain a fence at the place where the horse passed from private land to the defendant's right of way was a duty from the defendant to the plaintiff as one of the general public or only from the defendant to the abutting owner at that point,—for the horse was not rightfully upon the land of the abutting owner directly from which he escaped to the track.

The plaintiff contends that the duty was one which the defendant owed to the general public; but this cannot be held without disregarding that section of the statute which declares that there shall be no liability for want of a fence in case the land owner has been paid or settled with for building it; for that clearly recognizes the right of the abutting owner to waive the building of the fence against his own

land, a thing he could not do if it was a duty from the railroad to others than himself and those rightfully in possession under him. In this respect the statute distinguishes between fences and cattle guards. Whether a distinction is made between cattle guards at public or highway crossings and those at private or farm crossings, we are not called upon to decide; nor are we bound to find the statute wise or even logical and consistent throughout. It is enough that the two sections, having stood side by side for more than fifty years, must be read together, and each, if possible, be given some force.

We do not understand that our decision is in conflict with any previous holding of this court. In *Quimby & Rogan* v. *B. & M. R. Co.*, 71 Vt. 301, 45 Atl. 223, the horse escaped through a defective cattle guard at a highway crossing. Such was the fact in *Harwood* v. *Bennington & Rutland R. Co.*, 67 Vt. 664, 32 Atl. 721. And those are the only cases claimed to be inconsistent with the view we are now adopting. On the other hand, in *Smith* v. *Barre R. Co.*, 64 Vt. 21, 23 Atl. 632, the principle of the present decision was distinctly recognized and applied. There the plaintiff's horse was being pastured by one whose pasture itself did not abut upon the railroad, but whose meadow, adjoining the pasture, did. The horse escaped from the pasture to the meadow and thence, for want of a sufficient fence, to the track. The case turned upon the question whether the horse was rightfully in the meadow; and it was considered that he was, because, it being the duty of the owner of the pasture to confine him, he was in the meadow either by consent or fault of the abutting owner, and so the owner of the horse stood in the right of the owner of the meadow. "The statute requiring a railroad to fence its track," said the court in that case,

"is for the protection of the land owners through whose land it runs."

*Judgment affirmed.*