## Lucy Brown v. Central Vermont Railway, Inc.

[157 A.2d 219]

November Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 5, 1960

*Horace H. Powers* for the defendant.

*C. O. Granai* for the plaintiff.

**Barney, J.** Five of the plaintiff's young cattle wandered onto the right of way of the defendant railroad and were there struck down and killed by one of its trains. The cattle in-

volved were being pastured on lands owned by one Langill. The defendant's tracks abutted the Langill land for about one mile. That part of the right of way bordering an area denominated pasture was adequately fenced. Beyond this pasture area the right of way adjoined a wooded section of the Langill land and was not fenced. Both sides concede that the cattle reached the roadbed through this unfenced portion. The parties are in dispute as to whether the cattle reached this unfenced area as trespassers or as rightful occupiers of the land bordering the unfenced right of way.

The plaintiff contends that her permission to pasture upon the Langill property gave her and her cattle rightful occupation of the entire premises. The defendant claims that the Langill land consisted of two distinct areas: a pasture area adequately fenced off from the railroad right of way, and a wooded area adjoining the pasture area and separated from it by a fence of some sort. It claims that the plaintiff's right to pasture cattle extended only to the so-called pasture area, and not to the wooded area. Since the cattle reached the unfenced portion of the right of way, defendant alleges that they became mere trespassers by escaping through the interior fence separating them from the wooded area, a fence for which the defendant was not responsible.

On the basis of this view of the evidence, at the close of the plaintiff's case and again at the close of all of the evidence, the defendant moved for a directed verdict, assigning three principal grounds:

(1) The duty to fence, impossed by statute, is a personal duty owed to the owner or occupier of the abutting land, and to no one else.

(2) The duty imposed by statute applies only to fences along the railroad right of way and does not impose any obligation upon the railroad to construct and maintain interior fences which are not intended to separate the pasture from the right of way.

(3) The plaintiff, in an action on this statute, must allege and prove his own freedom from contributory negligence as in any tort action.

These motions were denied by the trial court and the defendant is here only on its exceptions to that denial.

■ The plaintiff does not question the defendant's propositions of law contained in ground, one and two of the motions. The defendant rightly asserts that its statutory duty to fence applies only to its right of way and not to interior fences on adjoining lan ls. This duty to fence the right of way is one the defendant owes only to the owner or rightful occupier of the land abutting the right of way. *Abell v. Central Vermont Railway*, 118 Vt. 189, 191, 102 A.2d 847; *Delphia v. Rutland Railroad Co.*, 76 Vt. 84, 87, 56 A. 279; *Bemis v. Connecticut & Passumpsic Rivers R. R. Co.*, 42 Vt. 375, 378; *Jackson v.. Rutland & Burlington Railroad Co.*, 25 Vt. 150, 161.

■ The defendant contends that the rule of the Jackson, Bemis and Delphia cases applies here. Those cases hold that the railroad is not liable to the owner of an animal that strays onto the land of another, and while so trespassing is hit by a train because the railroad right of way fence was insufficient. This rule applies even if the owner of the straying animal has property of his own abutting the railroad. The animal involved must be rightfully on the land from which it reaches the right of way. It is the defendant's position that the trial court was bound to find as a matter of law that plaintiff's cattle were trespassers in the wooded area from which they got onto the tracks.

The transcript reveals that Mr. Langill, the owner of the property, gave to a Mr. Deere and a Mr. McCullough complete charge of the entire property. These two men had general authority to do whatever was necessary on the property, and were to put the land to use to the end of improving it, use that included pasturing and cultivating as they saw fit. There was no restriction on what was to be put on the land or what was to be done with the premises. Mr. McCullough was pasturing cattle on the property, and Mr. Deere gave the plaintiff permission to put her young cattle in with Mr. McCullough's animals. The plaintiff's heifers were delivered to the property and turned out to graze. There was no evidence that the plaintiff's cattle were put on the Langill property

subject to any different conditions of pasturing than those of McCullough. Since no restrictions were placed on this right to pasture, as between the plaintiff and Deere and McCullough, or Langill, the plaintiff's cattle were rightful occupiers of the whole of the Langill property. As to them the plaintiff's cattle could not become trespassers merely by escaping to another part of the property through a defective fence in the interior of the Langill premises.

The defense that the cattle were trespassers with respect to the railroad's duty to fence cannot stand where the cattle were rightfully on the adjoining land. A parallel case was decided adversely to the defending railroad in *Smith v. Barre R. R. Co.*, 64 Vt. 21, 23 A. 632. In that case the plaintiff arranged with the owners of a particular pasture to have his horse kept there. The meadow adjoining the pasture was under the same ownership and abutted the railroad right of way. The horse escaped from the pasture into the meadow, and from the meadow to the tracks where it was struck. A recovery by the plaintiff against the defending railroad, based on the insufficiency of the right of way fence, was upheld in the face of the defendant's contention that the horse was wrongfully in the meadow. The Court said at page 23:

> "It is with reference to the rights of the land owners, and the defendants, that the horse must be wrongfully on the meadow. It was the duty of the defendant to fence its road, to protect all animals which were, as regards the owner of the meadow, rightfully thereon."

The same doctrine applies to the facts of this case. Nothing in the evidence sustains the proposition that plaintiff's cattle were trespassers on the wooded portion of the Langill land as a matter of law. On the contrary, the evidence sustains the plaintiff's rightful occupancy. As to rightful occupants of the Langill premises, the defendant elected not to maintain a fence along the full boundary at its peril. *Mead v. Burlington & Lamoille R. R. Co.*, 52 Vt. 278, 282.

Defendant also contends that it was contributory negligence as a matter of law for the plaintiff to place cattle

in the Langill pasture without ascertaining whether or not the interior fence was sufficient to keep the cattle from reaching the unfenced portion of the railroad right of way. Under the provisions of 30 V. S. A. §§1474 and 1477, however, the plaintiff, as a rightful occupier, is relieved of any duty to the defendant to restrain her cattle from the unfenced portion of the defendant's tracks abutting the Langill property. All duty to restrain cattle from the tracks by fence is cast upon the defendant by these statutory provisions, and they prescribe its liability to the plaintiff for the non-discharge of such duty. With defendant's liability determined in this manner by statute the doctrine of contributory negligence has no application under the facts of this case. *Congdon* v. *Central Vermont R. R. Co.*, 56 Vt. 390, 398; *Mead* v. *Burlington & Lamoille R. R. Co.*, *supra*, 52 Vt. 283.

In the light of the foregoing, the defendant's motions were properly denied on each ground.

*Judgment affirmed.*