### PIERCE *v.* WHITCOMB.

#### *Case.*

Plaintiff and defendant were farmers. Plaintiff went to defendant's late in the evening, to buy six bushels of oats. Defendant had no oats to sell, but yielding to plaintiff's importunity, he consented to sell him the oats, to accommodate him. Defendant always kept his granary locked, but he obtained the key by sending some distance for it, and went with plaintiff to the upper floor of the granary where the oats were, and while defendant stepped back to get a measure, plaintiff walked about the floor in the dark, and fell through an aperture therein, and was injured. *Held,* defendant not liable for the injury.

CASE. All the material facts are stated in the opinion. At the September Term, 1874, Chittenden County, PIERPOINT, Ch. J., presiding, the court rendered a *pro-forma* judgment on the referee's report for the plaintiff to recover $2500 damages and his costs; to which the defendant excepted.

*H. Ballard (Phelps* with him), for the defendant.

To sustain the action, the plaintiff must establish two propositions; first, that the defendant was guilty of actionable negligence; second, that the plaintiff was free from any negligence on his own part that contributed to the injury he sustained. On both these points the plaintiff fails.

The defendant was guilty of no negligence. Before a man can be made liable for the consequences of a defect in the condition of his own private property, some obligation, express or implied, that such defect shall not exist, must be shown to have arisen between him and the party injured. The mere possession of property that is not safe for use except by the owner, does not constitute actionable negligence. It is the assuming by the owner to furnish such property for the use of others, upon some understanding or contract which implies that it shall be safe for such use, that renders him liable for an accident resulting from its being unsafe. In order therefore to make the owner of premises responsible for an injury occasioned by their not being safe for passage, it must appear, either that the place was thrown open for public

access, so as to raise an obligation to the public that it should be reasonably fit for such use, or else that some contract, express or implied, existed between the owner and the person injured, that gave to such person, as against the owner, the right of safe passage. A party permitted to enter private premises for his own convenience or advantage, and at his own request, acquires no such right, but goes at his own risk. This rule and its distinctions will be found to be fully and clearly stated in the cases of *Sweeny* v. *Old Colony R. R. Co.* 10 Allen, 368; *Zoebisch* v. *Tarbell*, Ib. 385; *Elliott* v. *Perry*, Ib. 378; *Winterbottom* v. *Wright*, 10 M. & W. 100; *Sawyer* v. *Rutland & Burlington R. R. Co.* 27 Vt. 370; *Wright* v. *Geer*, 6 Vt. 151; *Colton* v. *Fran. Iron & Steel Co.* 99 Mass. 216.

The plaintiff was himself guilty of negligence that not only contributed to his injury, but was the sole cause of it. Negligence on the part of the plaintiff is not a defence to be established by the defendant. The absence of it is a part of the plaintiff's case necessary to be shown to entitle him to recover. *Walker* v. *Westfield*, 39 Vt. 246.

The following rule will be found established by the authorities: where there has been mutual negligence, and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained. When facts in the case are admitted, or where there is testimony tending to prove facts, it is the duty of the court to instruct the jury whether those facts, if they find them to be true, constitute that negligence which will defeat the action. *Trow* v. *Vermont & Canada R. R. Co.* 24 Vt 487.

*Wales & Taft (Hard* with them), for the plaintiff.

"The owner or occupant of land is liable in damages to those coming to it using due care, at his invitation or inducement, express or implied, on any business to be transacted or permitted by him, for an injury occasioned by the unsafe condition of the land, or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist, and has given them no notice of." Per GRAY, Ch. J., in *Carlton* v. *Fran. Iron Co.* 99 Mass. 216. This proposition is also supported by

*Coombs* v. *New Bedford Coal Co.* 102 Mass. 572; *Sweeny* v. *O. C. & N. R. R. Co.* 10 Allen, 368; *Smith* v. *Dock Co.* 3 Law Rep. C. P. 326; *Inderman* v. *Dames*, 1 Ib. 274; Wharton Negl. ss. 824, 826; Shearman & Redf. Negl. s. 498; *Holmes* v. *R. R. Co.* 4 Law Rep. Exch. 254. Applying this rule to the facts and findings stated in the report of the referee in this case, the plaintiff is entitled to recover.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case to recover damages for a severe injury to the plaintiff, occasioned, as the plaintiff claims, by defendant's actionable negligence. The facts in the case are stated in the referee's report.

The plaintiff, a farmer, went to the defendant, who owned a large farm in Essex, to buy six bushels of oats, late in the evening. The defendant had no oats that he wished to sell, but by reason of the plaintiff's importunity and necessities, he consented to sell the plaintiff six bushels. The defendant went some distance to procure the key, unlocked the granary, and went with the plaintiff to the oats lying in bulk on the open floor above. He stepped back for his measure, and while thus absent, the plaintiff travelled across the floor in another direction, in the dark, and fell through an aperture in the floor, and received a severe injury.

If the defendant is liable to redress this injury to the plaintiff, it is because he did him a wrong in omitting to perform a duty that he owed the plaintiff. In *Carlton* v. *Fran. Iron Co.* Ch. J. GRAY says: "The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted or permitted by him, for an injury occasioned by the unsafe condition of the land, or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist, and has given them no notice of." 99 Mass. 216. This must be understood as applying to the " unsafe condition of the land or of the access to it," where the business thus invited was done, and not to pitfalls, quagmires, and precipices that might be unsafe to strangers,

17

on other parts of the same field, where the party may have wan-
dered for matters of observation or curiosity.   We think this *dic-
tum* of the chief justice, as applied to the facts of that case,
entirely sound, for in that case the defendant had negligently
omitted a duty that he owed the plaintiff, whereby he had suffered
injury.    In a case recently determined in Massachusetts, *Severy*
v. *Nickerson et al.*, the plaintiff was in the service of the defend-
ants, loading ice into a vessel, and wandered about the vessel for
inspection and curiosity, supposing it to be safe, and fell through
a scuttle and was injured.   .The court held that he voluntarily
took the risk upon himself, and could not recover of the employer.
1 *Law and Equity Reporter*, No. 21, p. 563.   In the old and lead-
ing case of *Blithe* v. *Topham*, 1 Vin. Abr. 564, it is laid down as
a rule, that " if A, being seized of a waste adjoining a highway,
digs a pit in the waste within 36 feet of the way, and the mare of
B escapes into the waste, and falls into the pit and is killed, yet
B shall not have any action against A, because the making of the
pit in the waste and not in the highway, was no wrong to B, but
it was by the default of B himself that his mare escaped into the
waste."   And in *Jordin* v. *Crump*, 8 M. & W. 782, a man pass-
ing in the dark along a foot-path, accidentally fell into a pit dug
by the owner in an adjoining field.   ALDERSON, B., says: "The
party digging the pit would be responsible for the injury if the
pit was dug across the road, but if it were only in an adjacent field,
the case would be very different, for the falling into the pit would be
the act of the injured party himself."   In *Seymour* v. *Maddox*, 71
E. C. L. 326, a hired chorus singer at a theatre fell through an
aperture made for the actors to pass from the dressing room to the
back of the stage, and claimed that he was injured by reason of
this aperture not being properly fenced and lighted.   The court
held he could not recover, " because the facts stated did not *raise
a duty*, a breach of which was complained of."   In *Barns* v.
*Ward*, the excavation immediately joined a public footway, and
so amounted to a public nuisance, and the owner of the land was
held liable.   67 E. C. L., 392.   *Hardcastle* v. *S. Y. R. R. Co.* 4
Hurlst. & N. 67, is a like authority.   In *Corby* v. *Hill*, 93 E. C.
L. 556, the owner of the house had a private road for the use of

persons coming to his house. He permitted his workmen to place slate across said way, and the plaintiff, while lawfully using said way, was injured. COCKBURN, Ch. J., says : " The proprietors of the soil held out an *allurement*, whereby the plaintiff was induced to come upon the place in question : they held out this road to all persons having occasion to proceed to the asylum, as the means of access thereto ; could they have justified the placing an obstruction across the way, whereby an injury was occasioned to one using the way by their *invitation ?*" In *Chapman* v. *Rothwell*, 96 E. C. L. 168, the plaintiff's wife fell through a trap-door in the footway to and from defendant's brewery, and was thereby killed ; and defendant was held liable. The rule of law seems well defined, and founded in reason and justice. No one has a right to provide a path for access to his house, shop, or store, and *invite* guests and patrons thereto, and provide or permit pitfalls in the way, to their injury. For in all such cases there is an implied guaranty that they may comply with such invitation with safety. But if one departs substantially from the provided way of access, or, becoming the guest or patron in a place of business, and of his own motion goes in the dark into places of danger, and is injured, he voluntarily takes the peril and risk upon himself ; *Sweeney* v. *O. C. R. Co.* 10 Allen, 368 ; *Elliot* v. *Perry*, Ib. 385 ; *Sawyer* v. *R. & B. R. Co.* 27 Vt. 370 ; *Wright* v. *Geer*, 6 Vt. 151.

And in this case, although the defendant did not wish to sell the oats, and only yielded to the importunity of the plaintiff, and, to his own inconvenience, went to his granary late at night, to favor and accommodate the plaintiff, yet allowing the plaintiff to go into the granary with him to take the delivery of the oats, we think the defendant did assume the duty to the plaintiff that the means of access was reasonably safe. And if the plaintiff on going to or returning from the oats, or in putting them into bags and taking the delivery, while doing that matter of business, had accidentally, without warning, slipped into a pitfall, it would have been a very different case. The granary was a private receptacle of the defendant's grain, kept constantly locked. The plaintiff was permitted there for one simple, specific matter of busi-

ness—to take six bushels of oats ; the oats were shown him ; to facilitate the delivery, the defendant went for his measure ; he left the plaintiff at the oats where he should be, in the dark, but in a *safe place.* The oats could be delivered at no other place, and no other matter of business was permitted to him there. If for curiosity or other motive, he chose to occupy that moment in the darkness in wandering about the granary, and lost an eye by the point of a scythe, or stumbled over a horse-rake and maimed himself, or fell through a scuttle in the floor, he was doing what he was not invited or permitted by the defendant to do, and what was no part of the business in hand ; and we think this departure was of his motion, and at his risk. *Hansell* v. *Smythe*, 97 E. C. L., 731.

We have no occasion to discuss how far the plaintiff would be affected by his previous knowledge of this opening in the floor of the granary ; for whether he had knowledge or not, he cannot recover. And the fact that he was severely injured, proves that the act was careless, and the traveling about the granary in the dark not only contributed to the injury, but was the cause of it.

Judgment reversed, and judgment that defendant recover his costs.