H. A. RUGG ET AL. *v.* W. J. CLAPP ET AL.

May Term 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 11, 1911.

*Intoxicating Liquors—License—Vote Erroneously Counted and Declared—Remedy—Duty of Assistant Judges to Canvas Votes—To Appoint License Commissioners—Mandamus.*

The duties of the assistant judges of the county in respect of the legal sale of intoxicating liquors are only those expressly or impliedly given by P. S. 5109, 5111, 5114, and neither expressly nor impliedly do those sections make it the duty of those judges in any circumstances to count ballots cast in any town on the question of granting licenses therein for the sale of intoxicating liquors.

Since the law does not make it the duty of the assistant judges of the county in any circumstances to count the ballots cast in any town on the question of granting licenses for the sale of intoxicating liquors therein, mandamus will not lie to compel them to count such ballots and to appoint license commissioners for a city in which the vote, as counted and declared at the meeting when taken, was against such licensing by a majority of one, regardless of whether the declared count was erroneous.

PETITION for a writ of mandamus, brought to the Supreme Court at its May Term, 1911, and then heard on a motion to quash.

*Richard A. Hoar* and *William Wishart* for the relators.

*J. Ward Carver* and *John W. Gordon* for the respondents.

WATSON, J.    The complaint alleges that at the last annual meeting of the City of Barre the ballots cast on the question of granting license for the sale of intoxicating liquors were counted and declared, 770 in favor of license, and 771 against it ; that two certain ballots (describing them) were thrown out as defective and not counted either way, whereas in fact they were intended as "yes" votes and should have been counted as such; that a proper canvass and count of the ballots show that the city voted for license by a majority of one; that the respondents, the assistant judges of the county, being petitioned by the relators, legal voters of the city, to appoint license commissioners for the city, declined so to do; and the prayer is, that a mandate issue commanding them to make such appointment.

The duties of assistant judges in matters pertaining to the legal sale of intoxicating liquors are those prescribed by P. S. 5109, 5111, and 5114.    Section 5109 provides that if a town votes for license, the assistant judges of the county shall, within a time stated, appoint a board of license commissioners for such town.    Section 5111 relates exclusively to vacancies in the board and the filling of the same.    And section 5114, so far as the assistant judges are concerned, touches solely the compensation of the board.    In these matters, the assistant judges have jurisdiction throughout the county, but their duties are such only as are expressly or impliedly given by the statute.    No duty respecting the counting of ballots upon the question of granting licenses in the different towns is expressly placed upon them. That there is none impliedly is clear from the fact that it is impossible for them to be present at the various town meetings at the same time for such purpose, and there is no provision by statute for the preservation of the ballots in their integrity to be counted at a later time.    Indeed, the statute does not require such ballots to be kept at all for any purpose after the result is declared at the annual meeting.

No claim is made that the charter of the city contains provisions of different effect touching the questions here involved.

In refusing to appoint license commissioners the respondents

acted according to the vote of the city as declared at the meeting when taken. And since the law has not made it their duty to canvass and count such ballots at any time, nor in any circumstances, mandamus will not lie to compel such action by them. *Page* v. *McClure,* 79 Vt. 83, 64 Atl. 451.

*Motion to quash sustained, and the complaint is quashed with costs to the respondents.*