### IRVING E. COBURN *v.* VILLAGE OF SWANTON.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed March 16, 1920.

*Negligence—Duty Essential Element—Declaration—Averment of Duty Essential—Duty of Owner of Premises to Licensees or Trespassers—"Invitee"—Power of Employee to Invite Third Persons Onto Employer's Premises.*

1. Before liability attaches for negligence, a duty must arise on the part of the party charged toward the party injured.

2. A declaration for personal injuries caused by negligence, to meet the test of a demurrer, must show a legal duty of the defendant toward the person injured, existing at the time and place of the injury, which the defendant failed to perform, and that the injury was caused by such failure.

3. The owner of private premises is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who go upon them, not by invitation, express or implied, but for their own purposes and pleasures, or to gratify their curiosity, however innocent or laudable their purpose may be, and this whether they are children or adults.

4. To give a person the standing of an "invitee" to private premises, it must appear that his purpose, when he entered the premises, was one of interest or advantage to the owner or occupant; knowledge, consent, or permission even, standing alone, not amounting to an invitation.

5. In an action by a child to recover damages for injuries received while on defendant's premises for the sole purpose of carrying breakfast to one of the defendant's employees, the declaration fails to show that the plaintiff was on the premises as an invitee, express or implied.

6. An employee of a village in full charge of its electric power plant has no power to invite a third person to enter the premises, where the purpose of entry is personal to himself, and not

incidental to, or in the furtherance of, the village's business, so as to render the village liable for injuries received while there.

ACTION OF TORT to recover for personal injuries. Heard on defendant's demurrer to the declaration in vacation after the March Term, 1919, Franklin County, *Wilson*, J., presiding. Demurrer sustained, declaration adjudged insufficient, and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*D. W. Steele* and *Elmer Johnson* for the plaintiff.

*F. L. Webster* and *D. G. Furman* for the defendant.

SLACK, J. This is an action of tort to recover for personal injuries sustained by Irving E. Coburn, a boy twelve years of age.

The case is here on exceptions to the action of the trial court in sustaining the demurrer to the declaration.

The allegations in the declaration, material to our inquiry, are, in substance: That the defendant, at the time of the accident, and for a long time before, owned and operated an electric power plant where it generated, and distributed to the public, electricity; that the plant consisted of a power house wherein were located a large dynamo, machinery, and other appliances, for use in that business; that the public had been admitted to the plant and power house during all this time, without restriction, for the purpose of viewing the place, examining the machinery, etc., with the knowlege and consent of the defendant; that the plant was operated continuously night and day, and was in charge, principally, of three men, only one of whom, as a rule, was on duty at a time, and when alone such employee had full charge of the plant. Then follows a description of the location and purpose of the dynamo and transmission wires, and a description of the defect which it is alleged caused the injury, viz., defective insulation of an unprotected transmission wire, and an allegation that the defendant knew or ought to have known of this condition, and that the plaintiff had no knowledge thereof. It is then alleged that at the time of the injury one Barr, who had been in the employ of the defendant for several years, was working the night shift, the period of which kept him on duty

the following morning until after his breakfast hour; that while on the night shift Barr worked alone, was the only employee of the defendant at the plant, and had full charge and supervision thereof, with full authority from the defendant to invite and admit people, including the plaintiff, to the power house, and to exclude them therefrom; that about three months before the accident Barr hired the plaintiff to carry Barr's breakfast to him, each morning while he was working the night shift, and deliver the same within the power house; that pursuant to such engagement, and upon the special request and invitation of Barr, the plaintiff carried Barr's breakfast each morning from the time the plaintiff was so engaged down to and including the morning of his injury and delivered it within the power house according to the request and direction of Barr; that Barr's practice of inviting the plaintiff to the premises and within the power house as aforesaid was known, or ought to have been known, to the defendant, and was permitted and approved of by it; that on the day of the injury, the plaintiff, pursuant to his engagement with Barr and upon the latter's invitation and request, carried Barr's breakfast to and within the power house and left it at the back of the room therein, where he had been engaged to leave it, and while leaving the room by the route by which he entered, which was the only available one, he received the injuries complained of.

[1, 2] It is a well known principle that before liability attaches for negligence, a duty must arise—a duty on the part of the party charged toward the party injured. *Bottom's Admr.* v. *Hawks*, 84 Vt. 370, 79 Atl. 858, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913 A, 1025. And a declaration for personal injuries caused by negligence, to meet the test of a demurrer, must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury, which the defendant failed to perform or fulfill, and that the injury was caused by such failure. *Brothers' Admr.* v. *Rutland Railroad Co.*, 71 Vt. 48, 42 Atl. 980; *Devino* v. *Central Vt. Ry. Co.*, 63 Vt. 98, 20 Atl. 953.

Does the declaration before us meet these requirements?

The plaintiff insists, in the first place, that the power house was a nuisance and that the defendant therefore is liable, regardless of the question of negligence. Whether so or not, it is enough to say that it does not so appear from the declaration.

[3]    The main question is whether it appears from the declaration that the plaintiff was, at the time of the injury, at the place where the accident occurred by the invitation of the defendant, express or implied—whether he was there as an invitee, or merely as a licensee.    If the allegations show that he stood in the position of the former, the declaration is sufficient, otherwise it is not.    Because, "as a general rule," says Thompson in his Commentaries on the Law of Negligence (volume 1, p. 946), "the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who go upon them, not by invitation, express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be."    20 R. C. L. 57, and many cases there cited.    And the rule applies with equal force to children and adults.    *Bottom's Admr.* v. *Hawks, supra.*

It appears from the declaration that the plaintiff was injured by coming in contact with a defective electric light and power wire while on the defendant's premises for the sole purpose of carrying breakfast to one of defendant's employees.

In *Muench* v. *Heinemann,* 119 Wis. 441, 96 N. W. 800, it was held that a milkman who, according to his custom, went to the fourth floor of a factory to leave milk for the personal use of the defendant's employees, could not recover for injuries sustained because of a defect, negligently suffered to exist, in the elevator; nor did the fact that he was directed by the defendant to use the particular elevator enlarge his rights.

In *Fitzpatrick* v. *Cumberland Glass Mfg. Co.,* 61 N. J. Law 378, 39 Atl. 675, the plaintiff, a boy twelve years old, was injured while on defendant's premises by the fall of a gate, negligently maintained by the defendant.    His father was an employee of the defendant, and the boy, with permission of the defendant, was accustomed to carry his father's dinner to him, and was doing so at the time of the injury.    Held, that there was no liability.

In *Gibson* v. *Sziepienski,* 37 Ill. App. 601, it was held that the defendant was not liable for the death of a person who fell down an unguarded elevator shaft, while carrying dinner to his son who was an employee of the defendant, on the premises where the accident occurred.

In *Norris* v. *Hugh Nawn Contracting Co.*, 206 Mass. 58, 91 N. E. 886, 31 L. R. A. (N. S.) 623, 19 Ann. Cas. 424, it was held that a boy who went to the defendant's quarry to sell papers, in his own interest or that of his employer, could not recover for injuries sustained by the fall of a derrick, negligently maintained, even though he had been asked there by the defendant's foreman to supply papers.

Likewise a recovery has been denied where one was injured while on the defendant's premises, by permission, soliciting insurance from the latter's employees (*Indian Refining Co.* v. *Mobley*, 134 Ky. 822, 121 S. W. 657, 24 L. R. A. [N. S.] 497); where the person injured was on the defendant's premises to deliver a message, which had no connection with the business, to one of the latter's employees (*Dixon* v. *Swift*, 98 Me. 207, 56 Atl. 761); where plaintiff, a student, with others, by defendant's permission, was inspecting its power house. *Benson* v. *Baltimore Traction Co.*, 77 Md. 535, 26 Atl. 973, 20 L. R. A. 714, 39 A. S. R. 436, and many other similar cases; 20 R. C. L. 59.

[4, 5] And the reason is that to give a person the standing of an invitee it must appear that his purpose, when he entered the premises, was one of interest or advantage to the owner or occupant. *Benson* v. *Baltimore Traction Co.*, *supra*; *Plummer* v. *Dill*, 156 Mass. 426, 31 N. E. 128, 32 A. S. R. 463; 2 Cooley on Torts, 1265. "The principle," says Mr. Campbell in his treatise on negligence, "appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it."

In the case before us, when the plaintiff entered the defendant's power house, was his purpose one of interest or advantage to the defendant, or was it the benefit the plaintiff was to derive from fulfilling his agreement with Barr?

The allegations fail to show that he was there for the former purpose.

It is alleged that the shift Barr was then working kept him on duty until after his breakfast hour. This is meaningless. The breakfast hour covers a wide range of time with different people, depending upon necessity, convenience, habit, etc.

In his brief the plaintiff says that the defendant kept Barr on duty at a task which he could not leave, until after the hour when it was necessary for him to have food. But these facts are

not alleged in the declaration. It is not alleged that it was necessary for Barr to have food at the time designated as his breakfast hour, nor that his duties were such that it was necessary that his food be brought to him. Neither is it alleged when Barr's breakfast hour was or how soon thereafter he finished work when employed on that particular shift.

The plaintiff insists that the allegation that Barr's practice of having his breakfast taken to him and delivered within the power house was known, or ought to have been known, to the defendant, and that it suffered and permitted the same, is a sufficient allegation of an implied invitation by the defendant.

But knowledge, consent, or permission, even, standing alone, does not amount to an invitation. *Muench* v. *Heinemann, supra; Fitzpatrick* v. *Cumberland Glass Mfg. Co., supra; Gibson* v. *Szeipienski, supra; Morris* v. *Hugh Nawn Contracting Co., supra;* 20 R. C. L. 64 and 69.

Moreover the declaration fails to show that the defendant had knowledge that the plaintiff was required, or permitted, to go to that part of the premises where the defective wire was located, which was at the dynamo, near the center of the power house. The defendant is charged, only, with knowledge that the plaintiff delivered Barr's breakfast within the power house. While it is alleged that under his arrangement with Barr the plaintiff was to leave Barr's breakfast at the back of the room, and that to do this it was necessary for him to pass in close proximity to the wire on which he was injured, it is not alleged that the defendant had knowledge of these facts.

The plaintiff insists that the facts alleged show that Barr was acting within the scope of his employment when he invited plaintiff to the premises. He says, in the first place, that this fact appears from the allegation that Barr had full authority from the defendant to invite people, including the plaintiff, to the power house. This allegation might be true and still not cover the invitation relied upon by the plaintiff. The allegation is not that Barr had authority to invite for *all* purposes. He may have had authority to invite the plaintiff there for purposes of interest or advantage to the defendant, for purposes relating to and in the furtherance of that business; but that would not confer authority to invite him there in matters purely personal to himself. There is no allegation that Barr had authority to invite the plaintiff to deliver Barr's breakfast where he did.

[6]     The plaintiff argues that the allegations that the power house was a dangerous place, and that Barr at the time of the injury had full charge and supervision thereof, shows of necessity that he had authority to invite the plaintiff to go there.     This depends upon what the plaintiff was invited there for.     If it was for a purpose incident to, or in the furtherance of, the defendant's business, this would undoubtedly be so; but if Barr invited him there for some purpose personal to himself, and in no sense connected with the express or implied authority conferred upon him by the defendant, it could not be said to come within the scope of his employment, and for injuries resulting therefrom the defendant would not be liable.     *Ploof* v. *Putnam*, 83 Vt. 252, 75 Atl. 277, 26 L. R. A. (N. S.) 251, 138 A. S. R. 1085; *Fairbanks* v. *Boston Storage, etc., Co.,* 189 Mass. 419, 75 N. E. 737, 13 L. R. A. (N. S.) 422, 109 A. S. R. 646; *Kwiechen* v. *Holmes & Hallowell Co.,* 106 Minn. 148, 118 N. W. 668, 19 L. R. A. (N. S.) 255; *Stone* v. *Hill,* 45 Conn. 47, 29 A. R. 636; *Holler* v. *Ross,* 68 N. J. Law 324, 53 Atl. 472, 59 L. R. A. 943, 96 A. S. R. 546; *Jackson* v. *Am. Tel. & Tel. Co.,* 139 N. C. 347, 51 S. E. 1015, 70 L. R. A. 738.

The plaintiff says that it was the duty of the defendant to keep the plaintiff away from the power house, and that he cannot escape that duty by placing another in control thereof.     Be that as it may, the declaration is not based on such duty and is not sufficient to include it.

The court below sustained the demurrer, adjudged the complaint insufficient, and dismissed the cause with costs to the defendant.     The plaintiff now asks leave to amend the complaint. Therefore:

*The judgment dismissing the action is reversed.     In other respects the same is affirmed, and cause remanded with leave to apply.*