WILLIAM E. AMBLO'S ADMX. *v.* VERMONT ASSOCIATED PETROLEUM CORPORATION.

October Term, 1928.

Present: POWERS, SLACK, MOULTON, and CHASE, JJ., and WILLCOX, Supr. J.

Opinion filed January 19, 1929.

*Lawrence, Stafford & Bloomer* for the defendant.

*Jones & Jones* for the plaintiff.

POWERS, J.   In the fall of 1926, Harry J. Novak and his wife, Mary, leased a part of their real estate to Wilbert E. and G. N. E. Burditt, doing business as partners under the name Burditt Brothers.   The defendant is an assignee of the lease. The premises covered by the lease were situate in the city of Rutland, and included all that part of a larger parcel that lies on the Main Street side of the Novak property.   As the lease describes the property, and as it is shown in a blueprint therein referred to, it includes all the Novak land lying on Main Street, together with the buildings thereon.   By the terms of the instrument, the lessees were to erect and maintain on the granted premises a gasoline filling station and grease pit.   The latter

was to be located "at such place on said premises as may be agreed upon by the parties hereto." Later, the parties located the pit just south of the so-called Creamery Building on the premises granted, and it was there constructed. It is a pit twelve feet long, about two and one-half feet wide, and four and one-half feet deep. It is of cement, and has a cement curbing around it which rises about six inches above the surface of the surrounding land. The pit itself is rectangular, but the curbing comes to a point at the end toward the street. The curbing on the north side is five feet from the Creamery Building, and on the south side, it is three feet and ten inches from the fence bounding the premises on that side. There is a tenement in the second story of the Creamery Building, which at the time of the accident here involved was occupied by a Mrs. Woodruff. A flight of stairs attached to the south side of the building affords access to this tenement, and persons going to or from the same pass along the south side of the building, between it and the grease pit.

On November 4, 1927, the day after the great flood, the decedent, William E. Amblo, at about seven o'clock in the evening, called at the Creamery Building and made a trivial purchase. At this time, the lights all over the city were out as a result of the flood. After making his purchase, Amblo went out into the darkness, and instead of passing into the street he went around the south end of the building to urinate. In some way, he fell into the pit and suffered injuries from which he died.

There was no toilet of any kind south of or to the rear of the Creamery Building, and there was no evidence that any other person, either before or since this accident, went into the vicinity of the pit on errands of the kind that led the decedent around there.

The trial below having resulted in a verdict and judgment for the plaintiff, the defendant brings the case here for review.

■ At the close of the evidence, the defendant moved for a directed verdict on various grounds, one of which was that the record shows no actionable negligence on the part of the defendant. The motion should have been granted. It is fundamental in the law of negligence that an action will not lie unless the relations of the parties are such that the person charged owes a duty to the person injured. *Brehmer* v. *Lyman,* 71 Vt.

98, 103, 42 Atl. 613; *Bottom's Admr.* v. *Hawks*, 84 Vt. 370, 372, 79 Atl. 858; *Coburn* v. *Swanton*, 94 Vt. 168, 170, 109 Atl. 854. This duty must be one owed directly to him, or to a class to which he belongs. Even though the act or omission complained of involved the breach of a duty owed to someone else, but not to the person injured, the latter has no action. *Garland* v. *Boston & Maine R. R.*, 76 N. H. 556, 86 Atl. 141, 46 L. R. A. (N. S.) 338, Ann. Cas. 1913E, 924; *Tenn. Coal, Iron & R. R. Co.* v. *Smith*, 171 Ala. 251, 55 So. 170, 171; *Birmingham Belt. R. R. Co.* v. *Drake*, 1 Ala. App. 354, 56 So. 53, 54; *Hamilton* v. *Minneapolis Desk Mfg. Co.*, 78 Minn. 3, 80 N. W. 693, 79 A. S. R. 350; *Racine* v. *Morris*, 201 N. Y. 240, 94 N. E. 864, 866; *Dallas* v. *Maxwell* (Tex. Com. App.), 248 S. W. 667, 27 A. L. R. 927, 932. "One cannot, ordinarily," says Chief Judge Redfield in *Jackson* v. *Rutland & B. A. Co.*, 25 Vt. 150, 156, 60 A. D. 246, "have an action for any evil consequences he may suffer, by reason of the omission to perform a duty not owing to himself." Accordingly, it was held in that case that the obligation on the part of a railroad company to fence its track extends only to the owner or rightful occupier of the adjoining fields, and that others have no action for damages resulting from a failure to discharge this obligation. The same rule was applied in *Bemis* v. *Connecticut & Passumpsic Rivers R. R. Co.*, 42 Vt. 375, 1 A. R. 339, and in *Delphia* v. *Rutland R. R. Co.*, 76 Vt. 84, 56 Atl. 279.

So here, the use and maintenance of this pit may have been a breach of a duty which the defendant owed to Mrs. Woodruff or persons going to and from her tenement; but this fact, if it be such, avails the plaintiff nothing. Before she can recover, she must show an unfulfilled duty toward her intestate. This she has not done. He was a trespasser upon the defendant's premises, when injured. No invitation, express or implied, was extended to him. No inducement or lure led him on. He entered the danger zone without right and for a purpose of his own—a purpose for which the place was not intended to be used and for which it was not equipped. His presence there was unknown to the defendant, and nothing is shown which required the latter to anticipate his presence there. In these circumstances the defendant owed him no duty, and no right of recovery is shown. *Bottom's Admr.* v. *Hawks*, 84 Vt. 370, 373, 79 Atl. 858; *Brehmer* v. *Lyman*, 71 Vt. 98, 102, 42 Atl. 613;

*Pierce* v. *Whitcomb,* 48 Vt. 127, 132, 21 A. R. 120; *Coburn* v. *Swanton,* 94 Vt. 168, 171, 109 Atl. 854, and cases cited.

*Judgment reversed, and judgment for the defendant to recover its costs.*