WILLIAM CHICOINE, JR., b. n. f. *v.* JAMES E. CASHMAN, INC.

January Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed February 16, 1936.

*Willsie E. Brisbin* and *Frederick W. Wakefield, Jr.,* for the plaintiff.

134

*Austin & Edmunds* for the defendant.

MOULTON, J. The declaration alleges that on Sunday, April 15, 1934, the plaintiff, a boy fourteen years of age, along with several companions, was playing upon a certain embankment in the City of Burlington, according to the custom of the children of the neighborhood. The embankment was situated upon the property of the Central Vermont Railway Company, which had, sometime before, given the defendant permission to draw sand therefrom. This work had been going on for several weeks, with the aid of defendant's steam shovel and blasting operations to loosen the sand so that it could be more easily removed by the shovel. After stopping work over the Sunday, the defendant's employees left a box containing dynamite and blasting caps near the scene of their operations. This box was found by the plaintiff who abstracted from it four blasting caps, which he, being ignorant of their nature, took to his home, and afterwards picked at the end of one of them with a pin. The cap exploded and he was injured. It is alleged that the defendant was negligent in leaving the caps upon the embankment while none of its employees were present, knowing that children were accustomed to play there and were unfamiliar with the peril.

There was a demurrer to the declaration, which the trial court sustained, and the cause comes here upon the plaintiff's exceptions.

The plaintiff admits, tacitly at least, that he was a trespasser, and, in the brief filed by his counsel, full recognition is given to the doctrine of *Bottum's Admr.* v. *Hawks,* 84 Vt. 370, 373, 79 Atl. 858, 860, 35 L. R. A. (N. S.) 440, Ann. Cas. 1913A, 1025, that ''as a general rule, an owner is under no legal obligation to trespassers or licensees to keep his premises or property in proper condition; and this rule applies with equal force to children and adults.'' But it is urged that this rule has no application under the circumstances of the case. *Humphrey* v. *Twin State Gas and Electric Company,* 100 Vt. 414, 139 Atl. 440, 56 A. L. R. 1011, is claimed to be controlling. It appeared therein that the defendant, by consent of the owner of the land, had constructed an electric transmission line across a woodlot. A tie wire broke and the live feed wire was pulled off from an

insulator and, sagging down, came in contact with a wire fence, charging it with the current. The plaintiff, while hunting, crossed the woodlot, and in attempting to pass through the fence, received a severe shock. He was held to be entitled to recover. It was assumed, for the purposes of the opinion, that he was a trespasser upon the woodlot, and therefore he could not recover as against the owner of the land who owed him no duty to keep the premises safe for his unlawful use. But the defendant did not stand in the position of the owner, and was not entitled to the same defense. "The object of the law being to safeguard and protect the various rights in land, it is obviously going quite far enough to limit the immunity to the one whose rights have been invaded. Nor does logic or justice require more. A trespass is an injury to the possession; and as it is only he whose possession is disturbed who can sue therefor, so it should be that he, alone, could assert the unlawful invasion when suit is brought by an injured trespasser. One should not be allowed 'to defend an indefensible act' by showing that the party injured was engaged in doing something which, as to a third person, was unlawful" (p. 418).

So, here, it is argued that the defendant was not the owner of the embankment, but merely the licensee of the owner; that the plaintiff's trespass was committed against the Central Vermont Railway Company, and not against the defendant; and that the latter is in the same position as the defendant in the Humphrey case.

But the parallel is by no means complete. Although not the owner of the land, the defendant was in lawful occupation of it. As against the plaintiff, its possession was sufficient to enable it to forbid an entry, or to assert an unlawful invasion. In *Bottum's Admr.* v. *Hawks, supra,* the defendant did not own the premises upon which he maintained the dangerous open bulkhead through which the plaintiff fell. In *Amblo's Admx.* v. *Vermont Associated Petroleum Corp'n,* 101 Vt. 448, 144 Atl. 460, the defendant was the assignee of a lease of certain real estate upon which it constructed and maintained an open pit for use in greasing automobiles, into which the plaintiff's intestate fell while trespassing upon the premises. The defendant was held to owe no duty to the trespasser. In *Sohn* v. *Katz,* 112 N. J. L. 106, 169 Atl. 838, 840, 90 A. L. R. 880, it is said

that "where trespassers or licensees are parties plaintiff in negligence suits, we may not narrowly limit the application of the rule * * * to such defendants as are the actual owners of the property involved" and "one who has the right of occupancy is under no greater duty than the owner." In *Waller* v. *Smith*, 116 Wash. 645, 200 Pac. 95, where the defendant was conducting a logging operation upon public land under a contract with the government, it was held that the government had granted the temporary use of the land to him, and his utmost duty to the plaintiff, a licensee, was not to inflict wilful or wanton injury upon him or his property. It is apparent, therefore, that the fact that the defendant herein was not the owner of the premises does not deprive it of the benefit of the rule of *Bottum's Admr.* v. *Hawks, supra.*

*Humphrey* v. *Twin State Gas and Electric Company, supra,* is distinguishable for another reason. The negligence therein alleged was the improper construction of the transmission line, which resulted in the feed wire breaking away from the place where the license of the owner of the lot permitted it to be, and occupying another position where the defendant had no right to place it. In *Guinn* v. *Delaware, etc., Tel. Co.,* 72 N. J. L. 276, 62 Atl. 412, 3 L. R. A. (N. S.) 988, 111 A. S. R. 668, the defendant's guy wire broke and swung across an electric light wire belonging to another corporation, thus becoming charged with the current. The broken end fell into a field, and the plaintiff's intestate, while trespassing upon the field, came in contact with it and was electrocuted. The court said (pp. 413-4 Atl.): "The right to maintain the pole and wire did not include the right to have the wire swing loose or occupy another portion of the field. Whoever interferes with the pole and wire in place, might be a trespasser, but he would not be a trespasser upon the defendant's rights if he came in contact with the wire elsewhere." In the instant case, the box of explosives had been left at a place where the defendant, being in lawful possession, had the right to put it.

 Negligence presupposes a breach of duty owed by the party charged to the party injured. *Humphrey* v. *Twin State Gas and Electric Company, supra; Coburn* v. *Village of Swanton,* 94 Vt. 168, 170, 109 Atl. 854; *Brehmer* v. *Lyman,* 71 Vt. 98, 103, 42 Atl. 613; *Jackson* v. *Rutland and Burlington*

*R. R. Co.,* 25 Vt. 150, 60 A. D. 246. Our rule is that the owner or occupant is under no obligation to a trespasser, whether adult or child, to protect him from injury by reason of the unsafe and dangerous condition of the premises. *Bottum's Admr.* v. *Hawks, supra; Coburn* v. *Village of Swanton, supra,* at p. 171; *Brehmer* v. *Lyman, supra; Pierce* v. *Whitcomb,* 48 Vt. 127, 131, 21 A. R. 120. There was no duty of protection here. The demurrer was properly sustained.

*Judgment affirmed.*